(112 So. 813)

**KENNEDY v. TOWN OF OXFORD.**
(7 Div. 285.)

Court of Appeals of Alabama.   March 22, 1927.

Rehearing Denied April 12, 1927.

S. W. Tate, of Anniston, for appellant.

Merrill, Field & Allen, of Anniston, for appellee.

BRICKEN, P. J. ▆ The prosecution of this appellant for a violation of an ordinance of the town of Oxford originated in the mayor's court of said town; the trial there resulted in his conviction; and he appealed to the circuit court. The trial was held in the mayor's court on December 14, 1925. On that day he appealed to the circuit court, and perfected his appeal by making and entering into an appeal bond. After the acceptance and approval of said appeal bond, the jurisdiction of this cause rested in the circuit court only, and the mayor's court was thereby divested of any further jurisdiction in the premises.

▆ The first assignment of error is: "The court erred in convicting the defendant." If this general assignment is predicated upon the insufficiency of the evidence to support the judgment of conviction, it cannot be sustained, as the undisputed evidence in this case disclosed that the searching officers found several bottles of whisky in this defendant's home, and that the defendant voluntarily admitted that the whisky belonged to him. This evidence, being without dispute, was ample upon which to base the judgment of conviction, so far as the facts of the case were involved.

▆ The question of variance as to allegation in the complaint and the evidence offered in support thereof is not presented, as no ruling of the lower court appears to have been invoked in this connection. As to jurisdiction of a municipality, reference is made to Code 1923, § 1954. See, also, Hammonds v. Tuscaloosa, 21 Ala. App. 286, 107 So. 786.

▆ In the second assignment appellant insists that "the court erred in denying the defendant a trial by jury." We regard this assignment of error as being unavailing to defendant, for it clearly appears from the record that the demand for a jury was not made within the time provided by the statute, and the right to a jury trial was therefore waived. The statute (Code 1923, § 8598) provides: Such written demand must be filed within 30 days after defendant has appealed. As stated, this appeal was taken and perfected on December 14, 1925, the same day of the trial and conviction in the mayor's court of Oxford; and it affirmatively appears from the record that the demand to be tried by a jury was not made or filed until January 28, 1926, or more than 30 days from the date upon which the appeal was taken, and the statute, supra, provides:

" * * * A failure to demand in writing a trial by jury as herein provided shall be held and deemed to be a waiver by the defendant of a trial by jury."

In this connection appellant cites the case of Kreutner v. State, 202 Ala. 287, 80 So. 125, but we are unable to see in that case the analogy to the case at bar. In the Kreutner Case the question involved was whether under the apparent conflicting statutes, the demand for trial by jury should have been made within 5 days or within 30 days. Here the demand was not made until the forty-fourth day after the appeal was taken; thus the question is concluded.

▆ It is next insisted, by the third assignment of error, that the court erred in admitting in evidence the alleged ordinance of the town of Oxford. From the record we observe that the objection to the admission in evidence of the ordinance in question was based upon the ground "that it is not properly certified, and on the further ground it is not shown to be an ordinance of said town." Having stated these specific grounds of objection, all other grounds were waived, and neither of the grounds specified go to the question that the ordinance had not been published as the law requires; hence the argument here made to the effect that it was not shown that said ordinance had been duly published as the law requires cannot avail defendant, for this question was not raised in the court below, and cannot be raised here, on appeal, for the first time. There appears no merit in either of the grounds of objection stated, and, as no ruling of the trial court was invoked on the question of the publication of the ordinance, this question is not presented for review here. Woodson v. State, 170 Ala. 87, 54 So. 191. Likewise is the argument here made as to the validity of the complaint not in point. There is nothing before this court on this question, as no demurrer or other objection to the complaint was interposed upon the trial below.

▆▆ The remaining assignment of error relates to the action of the trial court in refusing to grant a continuance of the case by defendant on account of the serious illness of defendant's wife. Upon the showing made for the continuance, as contained in the record, we are of the opinion that probably the promptings of humanity should have, at that time, caused the court to grant the motion: but we are unable to see how the court's ac-

tion in this connection could affect in any manner the question of the guilt or innocence of the defendant on this trial. It was not contended that the sick wife was a witness for defendant, or that, so far as the trial was concerned, he was thereby deprived of any legal right or defense. The question of continuance of a cause lies within the discretion of the trial court, and this discretion, if revisable at all, will never be so revised, unless a gross abuse thereof affirmatively appears. For these reasons we cannot sustain this assignment of error.

In appeals of this character the decision of this court must rest upon questions raised in the lower court and the rulings of the lower court complained of assigned as error. We have considered and discussed all matters raised in the lower court and here assigned as error. Finding no error of a reversible nature, the judgment of the lower court from which this appeal was taken will stand affirmed.

Affirmed.