182 So.2d 883

**Ex parte Charles W. KONIG.**

**6 Div. 213.**

Supreme Court of Alabama.

Feb. 10, 1966.

Roger F. Rice, Birmingham, for petitioner.

Rives, Peterson, Pettus & Conway, Birmingham, for respondent.

LIVINGSTON, Chief Justice.

This is a mandamus proceeding. So far as the question presented, the material facts are not in dispute.

On or about March 9, 1962, Charles W. Konig was in a collision with a truck belonging to the State Farm Mutual Insurance Company being driven by John D. Ramsey at the time of the collision, as agent for the State Farm Mutual Insurance Company, on Highway 31, near Prattville, Alabama.

Konig was arrested under a warrant which charged him with failure to yield a right of way. He was tried on said charge and ultimately acquitted. He filed suit in the Circuit Court of Jefferson County, Alabama, against the State Farm Mutual Insurance Company and John D. Ramsey, alleging, in substance, malicious prosecution. Konig was represented in the civil suit by Honorable Roger Rice, an attorney at law. At the bottom of the complaint was the following demand:

"Defendant demands a jury for trial of this cause.

—————————————
Attorney for Plaintiff"

Later, the defendants filed in the Circuit Court of Jefferson County, Alabama, their separate and several objections to trial of the case by jury, motions to strike jury demand, and motion to place case on the nonjury docket of the court, and assigned the following, separate and several, grounds, to wit:

"1. For that plaintiff has not demanded a trial by jury in this cause.

"2. For that this defendant has not demanded a trial of this cause by a jury.

"3. For that the purported demand for a jury trial is a nullity.

"4. For that there is no valid demand by any party to this cause that it be tried by a jury.

"5. For that it affirmatively appears that the purported demand for a jury is a nullity and of no effect.

"6. For that the plaintiff did not endorse in writing his demand for a trial by a jury on the summons and complaint filed by plaintiff at the time this suit was instituted by the plaintiff."

Honorable Claude Hughes, as Judge of the Tenth Judicial Circuit of Alabama, sustained the objection, granted the motion to strike and the motion to place the case on the nonjury docket of the court.

Konig petitioned this Court for a rule nisi asking that the case be retransferred to the jury docket. On April 28, 1965, we granted the rule nisi as prayed. Honorable Claude Hughes answered the rule nisi in which he admits the general accuracy of the allegations concerning the contents of the pleadings filed in this cause and the orders entered by the respondent thereon.

Respondent further alleges in his answer:

"Respondent is of the opinion that the phrase relating to a trial by jury found on the complaint filed by the Petitioner does not constitute a jury demand by the Petitioner within the meaning of Title 7, Section 260 et seq. of the Code of Alabama, 1940, and, therefore, that under Title 7, Section 260 of the Code of Alabama, 1940, the action filed by Petitioner should be tried and determined by the Court without a jury."

The sole question presented on this petition and answer is whether or not plaintiff demanded a jury for the trial of this cause.

Title 7, Section 260, Code of 1940, reads, in pertinent part, as follows:

"All civil cases at law shall be tried and determined by the court without a jury unless the plaintiff indorses in writing his demand for a trial by jury on the summons and complaint, * * *."

So far as we have been advised, the exact question here presented has not been determined in this state. First, it will be noted that the word "Defendant" and not "Defendants" is used. Secondly, the demand for a jury trial was signed by the attorney for the plaintiff, although this is not a requirement of Sec. 260, supra; third, it was the first pleading filed in the cause, and the defendants had had no opportunity to demand a jury; fourth, no person connected with the suit could have been misled by the use of the term "defendant" which was inadvertently used instead of the word "plaintiff." Several cases are cited by the attorney representing Judge Hughes, but none are directly in point, and we think they can readily be distinguished from the case at bar, but we forego further discussion.

We are clear to the conclusion that the error committed is plainly a self-correcting clerical error. Therefore, let the per-

emptory writ of mandamus issue, retransferring the cause to the jury docket of the Circuit Court of Jefferson County, Alabama.

Writ granted.

SIMPSON, MERRILL and HARWOOD, JJ., concur.