BOOKOUT, Judge.
Appellant was convicted in the District Court of Jefferson County of assaulting a peace officer and resisting arrest. He appealed his conviction to the Circuit Court and was tried without a jury. He was found guilty by the trial judge and fined $200 for assaulting a peace officer and $100 for resisting arrest.
The only issue here considered is whether the appellant was wrongfully denied the right to a trial by jury. The record shows that counsel for the appellant, on appealing to the circuit court wrote on the face of each appearance bond, “Defendant demands a trial by jury in this case.” At the beginning of the trial in circuit court, the defense again moved for a jury trial which was denied by the circuit judge.
Section 15-14-30, Code of Ala. 1975, provides in pertinent part:
“In all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury except in cases where a trial by jury is demanded in writing by the defendant .
[I]f the case is brought to the circuit court by appeal . . . then such written demand must be filed with the clerk within thirty days after the defendant has appealed . . .
Title 15, § 321, Code of Ala. 1940, contained substantially the same provision as above.
The State argues that Jones v. State, 27 Ala.App. 306, 171 So. 759 (1936), would disallow a jury trial where the demand was not signed. We disagree. In Jones there appeared on the back of the appearance bond form a printed statement unsigned by the defendant or his counsel stating, “I hereby demand a jury for the trial of this cause in the circuit court.” Since the demand was a part of the printed form, the Court of Appeals merely said, “ . the mere appearance of a printed form on the back of an appeal bond, unsigned either by the defendant or an attorney representing him, is not sufficient to meet the requirements of the statute.”
In the instant case, the demand for a jury trial was not a part of the printed form, but was handwritten across the bottom of the face of the appeal bond by defense counsel. The demand was made a part of the record and was called to the attention of the trial judge within the statutory time limit. The written demand was not signed, however, the statute does not require a signature, only that a trial by jury is “demanded in writing.”
In the civil case of Western Union Telegraph Company v. Merrill, 144 Ala. 618, 39 So. 121 (1905), the defendant had moved to strike the case from the jury docket on the ground that the demand for a jury trial, which was endorsed on the complaint, was not signed by the plaintiff or by his attorney. The Supreme Court stated:
“There was no merit in the motion to continue the case or to strike it from the jury docket because the demand for a jury indorsed upon plaintiff’s complaint was not signed by him or his attorney. “The act requiring the demand for a jury to be indorsed on the pleadings does not make such a requirement mandatory.— Acts 1896-7, p. 808, § 11. . .
See also: Ex parte Konig, 279 Ala. 151, 182 So.2d 883 (1966); Ex parte City of Florala, 216 Ala. 351, 113 So. 312 (1927); Ex parte Fletcher, 188 Ala. 1, 66 So. 148 (1914).
We deem the handwritten demand for a jury trial by defense counsel to comply with § 15-14-30, Code of Ala. 1975. The trial court was therefore in error, and the appellant is thus entitled to a new trial by jury.
REVERSED AND REMANDED.
All the Judges concur.