HUBERT TAYLOR, Judge.
Appellant was convicted in the Municipal Court of Mobile, Alabama of driving while intoxicated. Appellant gave notice of appeal and filed a written demand for trial by jury with the clerk of the Circuit Court of Mobile County. The City of Mobile moved, by oral motion, to strike appellant’s demand for trial by jury. This motion was granted over appellant’s objection. After the City rested, the appellant renewed his request for trial by jury. His motion was denied and he was convicted. This appeal concerns but one point of law, namely, whether one who has been found guilty of violating a municipal ordinance in city court has a right to trial by jury if he appeals the case to circuit court.
The City of Mobile argues that since § 12-14-70, Code of Alabama 1975, is silent as to whether jury trials may be had on appeal from municipal court, the intent of the legislature was to deny jury trials. We disagree.
Section 15-14-30, Code of Alabama 1975, clearly states, “[A]ll misdemean- or cases in the circuit court ... shall be tried by the judge ... except in cases where a trial by jury is demanded in writing by defendant. Such written demand shall be filed ... within 30 days after the defendant has appealed if the case is brought to the circuit court by appeal.” The language of this section does not limit its operation to those cases appealed from district court. The case of Kennedy v. Town of Oxford, 22 Ala.App. 77, 112 So. 813 (1927), addressed this very issue and found that appellant was not entitled to a jury trial only because he had not made his request within the required time.
*813 Any other ruling would have the potential effect of causing the right to a jury trial, or lack thereof, to be determined on the basis of what law enforcement agency made the initial arrest. That would amount to an arbitrary and capricious discrimination. The judgment of the lower court is due to be reversed with instructions that appellant be tried by jury in accordance with his request.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.