BOWEN, Presiding Judge.
Arnold Witherspoon was convicted in the Municipal Court of Mobile, Alabama, of disorderly conduct in violation of Mobile City Ordinance § 41-4.1 (Alabama Code 1975, § 13A-11-7), and resisting arrest (§ 13A-10-41). Witherspoon gave notice of appeal to the Circuit Court of Mobile County, was tried without a jury, and was only found guilty of disorderly conduct. Sentence was sixty days’ imprisonment in the city jail.
The only issue on this appeal is whether the appellant was wrongfully denied ⅛⅛ right to a trial by jury. The record shows that the notice of appeal given to the circuit court contained a typewritten demand for a trial by jury. The City moved to strike the jury demand on the ground that it was not signed by defense counsel. This motion was granted by the circuit court over the appellant’s objection. The court stated that the demand for a jury trial was denied because “it was not signed ... it refers to only one judgment and we have two cases [a]nd ... it was filed in only one case.”
Section 15-14-30, Code of Alabama 1975, states that “[i]n all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge ... except in cases where a trial by jury is demanded in writing by the defendant.” The notice of appeal given by the appellant contained an unequivocal demand for trial by jury- That demand need not have been signed. “[T]he statute does not require' a signature, only that a trial by jury is ‘demanded in writing.’ ” Parker v. State, 358 So.2d 1082, 1083 (Ala.Cr.App.1978).
The circuit court also determined that the notice of appeal containing the *63 jury demand referred to “only one judgment” and was “filed in only one case” of two cases (resisting arrest and disorderly conduct). This was an improper conclusion. The notice of appeal given to the circuit court stated in pertinent part:
“Comes now the Appellant, Arnold With-erspoon, by and through his attorney ... and respectfully files this notice of appeal from the judgment of the Mobile Municipal Court on April 15, 1986.”
A.R.A.P. 3(c) provides that “[t]he notice of appeal ... shall designate the judgment, order or part thereof appealed from.... Such designation of judgment or order shall not, however, limit the scope of appellate review.” The test to determine if the notice complies with Rule 3(c) is “whether the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice.” Edmondson v. Blakey, 341 So.2d 481, 483 (Ala.1976); Threadgill v. Birmingham Board of Education, 407 So.2d 129, 132 (Ala.1981). “Nothing in the rules is designed to catch the unwary on technicalities.... A simple statement indicating what judgments the appellant appeals from is all that is required.” Edmondson v. Blakey, 341 So.2d at 484 (citation omitted).
The Mobile Municipal Court rendered both the disorderly conduct and the resisting arrest judgments against the appellant on April 15, 1986. One could, therefore, “reasonably infer” that the “notice of appeal from the judgment ... on April 15, 1986” indicates an intention by the appellant that the notice containing the jury demand applied to both judgments.
The judgment of the circuit court is due to be reversed and remanded with instructions that the appellant be afforded a trial by jury in accordance with his request.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.