LONG, Judge.
The appellant, George Lockett, appeals from his conviction in the circuit court for harassment, a violation of § 13A-11-8(a), Code of Alabama 1975. The appellant was sentenced to 90 days in the Montgomery County jail and was ordered to pay court costs, a $250 fine, and $50 to the victims’ compensation fund.
The record reflects that on May 26, 1994, the appellant was convicted, in Montgomery Municipal Court, of harassment. On June 8, 1994, the appellant filed a notice of appeal, seeking a trial de novo in the circuit court. On this notice of appeal, the appellant *800 checked the box indicating that he was demanding a trial by jury; however, the appellant did not sign the notice of appeal. On October 27, 1994, the appellant’s case was tried before the circuit judge, sitting without a jury, and the appellant was found guilty. The appellant represented himself at trial. The record does not reflect whether the appellant was indigent at the time of his trial or whether he had requested an attorney. On December 2, 1994, the appellant was sentenced.
On December 8, 1994, the appellant filed a notice of appeal from the circuit court’s order. On December 9, 1994, the appellant filed an affidavit of indigency, wherein he requested that counsel be appointed to represent him on appeal. Counsel was appointed to represent him on appeal. On December 9, 1994, the appellant, through counsel, filed a motion for a new trial in the circuit court alleging, in relevant part, that he had been denied his right to a trial by jury.[1] The motion for a new trial was denied that same day.
The appellant’s sole contention on appeal is that he was wrongfully denied the right to a trial by jury. The gist of his contention is that he made a timely demand for a trial by jury and that it was, therefore, error for the circuit judge to hear his case without a jury. The state contends that the appellant waived his right to a jury trial because the appellant’s request for a jury trial was not signed, and thus, it did not comply with the requirements of Rule 18.1, Ala.R.Crim.P., for asserting a demand for a jury trial when appealing for trial de novo in circuit court.
Rule 18.1(a), Ala.R.Crim.P., provides:
“Defendants in all criminal cases shall have the right to be tried by a jury. In cases triable in the first instance in district or municipal courts, the defendant shall have the right to trial by jury only on demand upon appeal to the circuit court for trial de novo as provided in Rule 30.1. Upon conviction in municipal or district court, the defendant shall be advised of the right to appeal for trial de novo and to demand a jury trial.”
(Emphasis added.)
Rule 18.1(b)(2), Ala.R.Crim.P., provides:
“When the defendant appeals for trial de novo in the circuit court, he or she must demand a jury trial in writing at the time of filing notice of appeal for trial de novo, or within (7) days thereafter. Failure of a defendant to make a timely demand for trial by jury shall be deemed to be a waiver by the defendant of his or her right to trial by jury.”
The Committee Comments to Rule 18.1 indicate that Rules 18.1(a) and (b) are patterned, in part, upon § 15-14-80, Code of Alabama 1975, which provides:
“In all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury except in cases where a trial by jury is demanded in writing by the defendant. Such written demand shall be filed in the case with the clerk of the court on or before the first sounding of the ease if the ease is sounded within 30 days after the defendant has been arrested or taken into custody after the finding of the indictment or, within 30 days after the defendant has appealed if the case is brought to the circuit court by appeal; and, if such case is not sounded within 30 days after the defendant has appealed, been arrested or been taken into custody after the finding of the indictment, then such written demand must be filed with the clerk within 30 days after the defendant has appealed, or been arrested or taken into custody after the finding of the indictment. A failure to demand in writing a trial by jury as provided in this section shall be held and deemed to be a waiver by the defendant of a trial by jury.”
(Emphasis added.)
In Witherspoon v. City of Mobile, 513 So.2d 62 (Ala.Crim.App.1987), this Court was faced with an issue similar to the one pre *801 sented in the present case. In Witherspoon, the defendant’s notice of appeal to the circuit court contained a typewritten demand for a jury trial. The city moved to strike the jury demand because it was not signed by defense counsel. The trial court granted the motion. On appeal, this Court held:
“Section 15-14-30, Code of Alabama 1975, states that ‘[i]n all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge ... except in cases where a trial by jury is demanded in writing by the defendant.’ The notice of appeal given by the appellant contained an unequivocal demand for trial by jury. That demand need not have been signed. ‘[Tjhe statute does not require a signature, only that a trial by jury is “demanded in writing” ’ Parker v. State, 358 So.2d 1082, 1083 (Ala.Crim.App.1978).”
Witherspoon, 513 So.2d 62, 62. (Emphasis added.)
Contrary to the state’s assertion, we conclude that the appellant did assert his right to a jury trial in the notice of appeal. On the notice of appeal given to the circuit court the appellant clearly indicated, by checking the applicable box, that he was demanding a trial by jury. The fact that he did not sign the notice of appeal did not constitute a waiver of his right to a trial by jury, because neither Rule 18.1, Ala.R.Crim. P., nor § 15-14-30, Code of Alabama 1975, requires a signature in order to invoke the right, only a written demand for a trial by jury-
Nonetheless, the circuit court judge’s error in not granting the appellant a trial by jury does not warrant reversal because the error was invited by the appellant. As noted above, the appellant indicated his desire for a jury trial on his notice of appeal. However, when the appellant’s trial was held in the circuit court more than four months later and no jury was struck or present, the appellant failed to object or to call the matter to the circuit court judge’s attention. In fact, the appellant made no mention of the matter at all until after the circuit court judge had heard the entire case and found the appellant guilty. Only then did the appellant inquire as to why he did not get a jury trial. “[A] party cannot allege as error proceedings in the trial court that were invited by him or were a natural consequence of his own action. ... A defendant cannot invite error by his conduct and later profit by the error.” Fountain v. State, 586 So.2d 277, 282 (Ala.Crim.App.1991). Here, the appellant had ample opportunity to object to proceeding without a jury, but did not do so. He should not now be allowed to profit by that silence and complain only after receiving an unfavorable verdict.
The appellant states that because he represented himself at trial, he was unsure whether he had an obligation to remind the court, at the time of his trial, of his desire for a trial by jury. However, the fact that the appellant was representing himself does not excuse him from objecting to being tried without a jury. “The right of self-representation does not exempt a party from compliance with the relevant rules of procedural law.” Hill v. State, 571 So.2d 1297, 1299 (Ala.Crim.App.1990).
For the reasons stated above, the judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.

. The motion for new trial was filed by an attorney other than counsel presently representing the appellant.