The appellant, Tommy Eugene Deming, Jr., was convicted in the Mobile Municipal Court of driving under the influence of alcohol (DUI) and driving while his license was revoked, violations of City of Mobile Ordinance Numbers 39-1 (adopting § 32-5A-191(a)(2), Ala. Code 1975) and 61-142, respectively. Thereafter, he appealed to the circuit court for a trial de novo, requesting a jury trial. The jury found the appellant guilty on both charges. For the DUI conviction, the trial court sentenced the appellant to one year in jail and fined him $5,000; for the conviction of driving while his license was revoked, the trial court sentenced the appellant to 6 months in jail and fined him $500. The jail sentences were to run consecutively. The appellant raises two issues on appeal.
 I.
The appellant contends that his conviction and sentence for driving while his license was revoked must be set aside because, he says, the trial court directed the jury to find the appellant guilty of this offense. We agree.
Following the presentation of all the evidence, the trial court instructed the jury as follows with respect to the charged offense of driving while his license was revoked:
 "[THE COURT]: Now, I have also told you about this business of driving while the license was revoked. I will direct you, ladies and gentlemen, to return a verdict in this case of guilty of the offense of driving while revoked under the law of this case and under the evidence in this case.
"All right. What says the City?
 "MR. ULMER [prosecutor]: No objections, your Honor.
"THE COURT: What says the Defendant?
 "MR. McDONALD [appellant's counsel]: Your Honor, I have some exceptions.
 "THE COURT: Ladies and gentlemen, please go into the jury room, elect your presiding officer and do nothing until I send you the exhibits in this case, on top of which will be the respective forms of verdict, at which time you'll be authorized to commence your deliberations. Please retire into the jury room at this time, please.
"(Jury not present.)
 "THE COURT: All right, Mr. McDonald, I'll be glad to hear from you.
 "MR. McDONALD: All right, sir. Your Honor, the defense would except to Your Honor's giving the jury the affirmative charge as to the offense of driving while —
 "THE COURT: Excuse me. What was he charged with, Mr. McDonald?
"MR. McDONALD: Driving while license revoked.
 "THE COURT: What did he say about it? What did he swear to?
 "MR. McDONALD: He swore that he understood it was revoked.
 "THE COURT: Now, he didn't say he understood it was revoked. He said it was *Page 1235 
revoked. So my question to you, is a jury authorized to pass upon a question like that?
"MR. McDONALD: Yes, sir.
 "THE COURT: Well, I don't agree with you, and I'll give you an exception."
(R. 107-08.)
Apparently, the trial court believed that because the appellant had acknowledged on cross-examination that his driver's license was revoked when he was stopped by officers of the Mobile Police Department and arrested for driving under the influence of alcohol and for driving while his license was revoked, there were no questions, including the one of guilt, for the jury to resolve with respect to the charged offense of driving while revoked.
It is well settled that a trial judge may not direct the jury to come forward with a verdict of guilty in a criminal case, no matter how conclusive the evidence. Rose v. Clark,478 U.S. 570, 578, 106 S.Ct. 3101, 3106, 92 L.Ed.2d 460 (1986);Standefer v. United States, 447 U.S. 10, 22, 100 S.Ct. 1999,2007, 64 L.Ed.2d 689 (1980); United States v. Martin LinenSupply Co., 430 U.S. 564, 572-73, 97 S.Ct. 1349, 1355,51 L.Ed.2d 642 (1977); Smelcher v. Attorney General of Alabama,947 F.2d 1472, 1476 (11th Cir. 1991); Harding v. Davis,878 F.2d 1341, 1344 (11th Cir. 1989); United States v. Ragsdale,438 F.2d 21, 27 (5th Cir. 1971), cert. denied, 403 U.S. 919,91 S.Ct. 2231, 29 L.Ed.2d 696 (1971).
 "[The jury's] overriding responsibility is to stand between the accused and a potentially arbitrary or abusive Government that is in command of the criminal sanction. For this reason, a trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict, regardless of how overwhelmingly the evidence may point in that direction."
Martin Linen Supply Co., 430 U.S. at 572-73,97 S.Ct. at 1355-56 (citations omitted). "There is no reason to deny the defendant the right to a jury determination when the evidence seems overwhelmingly in favor of the government." United Statesv. Goetz, 746 F.2d 705, 708 (11th Cir. 1984). " 'The plea of not guilty puts all in issue, even the most patent truth.' " Id.
(quoting Roe v. United States, 287 F.2d 435, 440 (5th Cir.),cert. denied, 368 U.S. 824, 82 S.Ct. 43, 7 L.Ed.2d 29 (1961)).
The stated rationale in those cases holding that it is improper for the trial judge to direct a verdict of conviction is that such a direction denies the defendant his Sixth Amendment right to a jury trial and results in the wrong entity judging the defendant guilty. Rose, 478 U.S. at 578,106 S.Ct. at 3106; Harding, 878 F.2d at 1344; see Constitution of the United States, Amendments VI and XIV, art. III, § 2. It has been said that the United States Constitution's Sixth Amendment jury trial provisions do not extend to that category of "petty crimes" that are not punishable by more than sixth months' imprisonment. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886,26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145,88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Morris v. Prickett,46 Ala. App. 606, 246 So.2d 674 (1970), cert. denied, 287 Ala. 736,246 So.2d 664 (1971). However, in Alabama every criminal defendant charged with any misdemeanor has a statutory right to a jury trial in circuit court upon timely written demand. §15-14-30, Ala. Code 1975. This right is also recognized in Rule 18.1(a), Ala.R.Crim.P. (See Committee Comments to Rule 18.1(a), which state that provisions of § 15-14-30 go beyond decisions of the United States Supreme Court construing scope of Sixth Amendment guarantee to jury trial and also state, "The rule applies to state laws and municipal ordinances alike." In this regard, see Day v. City of Mobile, 439 So.2d 812
(Ala.Cr.App. 1983)).
In this case, while the maximum punishment faced by the appellant for driving while his license was revoked, a violation of a Mobile city ordinance, was six months in jail, he had a recognized statutory right and a right under Rule 18.1(a) to have a jury determine the issue of his guilt once he properly asserted his right to a jury trial. However, the trial judge clearly directed the verdict against the appellant on the charged offense of driving while his license was revoked. That direction denied the appellant his right *Page 1236 
to a jury trial on the charge and resulted in the wrong entity determining his guilt.
Nor can the city contend that any error in the court's instruction to the jury was rendered harmless by the conclusiveness of the evidence establishing the appellant's guilt. "[T]he error in such a case is that the wrong entity judged the defendant guilty." Rose, 478 U.S. at 578,106 S.Ct. at 3106 (holding that harmless error analysis does not apply where a court has directed a verdict for the prosecution in a criminal trial by jury); see also, Goetz, 746 F.2d at 709;Ragsdale, 438 F.2d at 27.
For these reasons, the appellant's conviction and sentence for driving while his license was revoked must be set aside.
 II.
The appellant also contends that the trial court penalized him for exercising his right to a jury trial by sentencing him to the maximum jail terms on both convictions and by ordering the sentences to run consecutively. While our holding in Part I of this opinion effectively renders this issue moot with respect to the appellant's sentence for driving while his license was revoked, the appellant's claim in this regard has not been preserved for appellate review with respect to either his sentence for driving while his license was revoked or his sentence for driving while under the influence of alcohol. The appellant failed to raise this issue before the trial court. We will not consider matters on appeal that have not first been timely presented to the trial court for determination.Chevere v. State, 607 So.2d 361 (Ala.Cr.App. 1992). Therefore, the trial court's order sentencing the appellant to one year in jail and fining him $5,000 on his conviction for DUI is due to be upheld.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
All Judges concur.