TAYLOR, Presiding Judge.
The appellant, Gabriel Thomas, was convicted, after a trial de novo in circuit court following an appeal from the Municipal Court for the City of Montgomery, of resisting arrest, assault in the third degree, failure to properly illuminate his automobile’s rear registration plate, and failure to properly signal his intention to turn his automobile, violations of §§ 13A-10-41, 13A-6-22, 32-5-240, and 32-5A-133, Code of Alabama 1975, respectively. The appellant was fined for failing to properly illuminate his registration plate and for failing to properly signal his intention to turn, and he was sentenced to 60 days in the county jail on his convictions for resisting arrest and assault in the third degree.
The appellant’s only contention on appeal is that the trial court erred when it refused his request for a trial by jury and gave as its reason that the above charges arose out of a traffic violation, that is, the failure to properly signal a turn.
In its brief to this court, the City of Montgomery (“City”) contends that the appellant failed to preserve this issue for appellate review and cites Lockett v. City of Montgomery, 677 So.2d 799 (Ala.Cr.App.1995), as authority for this argument. In Lockett, this Court held that the appellant had asserted his right to a trial by jury when he made a request for a jury trial in his notice of appeal; however, the court held that the appellant waived that right when he failed to object at trial to proceeding without a jury.
We reject the City’s contention. The appellant timely asserted his right to a trial by jury on the above charges when he included the demand for a jury trial in his notice of appeal filed in the circuit court. Furthermore, before the beginning of the bench trial, defense counsel stated:
“MR. ISSAC [defense counsel]: May we say something on the record?
“THE COURT: Sure. All of these matters occurred in the same situation on a traffic stop. The Defendant does not have a right to a jury trial on traffic charges; and the Court will try these cases non-jury.
“MR. ISSAC: Let me state that the Defendant appealed from the City. This is a trial de novo. In his appeal, he requested a jury. Today, he would still like to stand upon the right to have that jury trial.
“THE COURT: The Court finds that he is not entitled, as a matter of constitutional rights, to a trial by jury. The Court denies that, and we will try these cases non-jury.”
After reviewing the colloquy between defense counsel and the trial judge, we hold that the appellant preserved this issue.
Regarding the appellant’s right to a jury trial, Rule 18.1(a), Ala.R.Crim.P., states: “Defendants in all criminal eases shall have the right to be tried by a jury.” Section 15-14-30, Code of Alabama 1975, provides, in pertinent part:
“In all misdemeanor eases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without intervention of a jury except in cases where a trial by jury is demanded in writing by the defendant.”
Construing § 15-14-30, this Court, in Deming v. City of Mobile, 677 So.2d 1233, 1235 (Ala.Cr.App.1995), stated:
“It has been said that the United States Constitution’s Sixth Amendment jury trial provisions do not extend to that category of ‘petty crimes’ that are not punishable by more than sixth [ (sic) ] months’ imprisonment. Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970); Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); Morris v. Prickett, 46 Ala.App. 606, 246 So.2d 674 (1970), cert. denied, 287 Ala. 736, 246 So.2d 664 (1971). However, in Alabama every criminal defendant charged with any misdemeanor has a statutory right to a jury trial in circuit court upon timely written demand. § 15-14-30, Ala.Code 1975. This right is also recognized in Rule 18.1(a), Ala.R.Crim.P. (See Committee Comments to Rule 18.1(a), which state that provisions of § 15-14-30 go beyond decisions of the United States Supreme Court construing scope of Sixth Amendment guarantee to jury trial and also state, ‘The rule applies to state laws and municipal ordinances *548 alike.’ In this regard, see Day v. City of Mobile, 439 So.2d 812 (Ala.Cr.App.1983)).”
(Emphasis added.)
Onee we determine that a criminal defendant charged with a misdemeanor has a right to a trial by jury, our next inquiry must be the character of the appellant’s convictions. That is, we must discern whether the appellant can correctly assert that he was charged with, and later convicted of, a misdemeanor.
The appellant was convicted of resisting arrest and assault in the third degree, Class B and Class A misdemeanors, respectively. Clearly, the appellant, upon timely demand, should have been granted a jury trial as to these charges.
The appellant was also convicted of failing to properly illuminate his rear registration plate and of failing to properly signal his intention to turn, violations of §§ 32-5-240 and 32-5A-133, Code of Alabama 1975, respectively. Because §§ 32-5-240 and 32-5A-133 do not specifically state whether these charges are misdemeanors, we must follow § 32-5A~8(a), Code of Alabama 1975, which states:
“(a) It is a misdemeanor for any person to violate any of the provisions of this chapter or of Title 32, unless such violation is by this chapter or other law of this state declared to be a felony.”
Because §§ 32-5-240 and 32-5A-133 do not make the violation of either section a felony, a conviction for failing to properly illuminate an automobile’s rear registration plate and for failing to properly signal an intention to turn are considered misdemeanors.
For the above reasons, the appellant had the constitutional right to a jury trial for all the offenses with which he was charged. Thus, the appellant’s convictions are due to be, and are hereby, reversed.
This case is, therefore, remanded to the circuit court for Montgomery County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.