LONG, Presiding Judge.
The appellant, Harry John Coughlin, Jr., was convicted in the municipal court of Birmingham for parking his vehicle in an improper space, a violation of Birmingham City Ordinance § 10-15-21. He appealed to the Circuit Court of Jefferson County, was tried without a jury, and was found guilty. He was fined $25 plus costs.
Coughlin raises several issues on appeal; however, we need address only one of the issues raised: Whether Coughlin was wrongfully denied his right to a trial by jury.
The record reflects that on August 8,1996, eight days after his conviction in municipal court, Coughlin filed a timely notice of appeal, seeking a trial de novo in the circuit court. He used a form apparently provided to him by the municipal court clerk. The righthand margin of the notice of appeal contains, in Coughlin’s handwriting, what appears to be the word “Fury.” However, Coughlin maintains that he intended to write the word “Jury,” in order to assert a demand for a jury trial in the circuit court. Nowhere on the notice of appeal form is there a designated place for a defendant to indicate a demand for a trial by jury in . the circuit court. When Coughlin’s ease was called to trial on September 24,1996, the circuit court, over Coughlin’s objection, proceeded to hear his case without a jury, holding that Cough-lin’s notice of'appeal “spoke for itself’ and that the word “Fury” did not constitute a proper demand for a jury trial.
Rule 18.1(a), Ala.R.Crim.P., provides:
“Defendants in all criminal cases shall have the right to be tried by a jury. In eases triable in the first instance in the district or municipal courts, the defendant shall have the right to trial by jury only on demand upon appeal to the circuit court for trial de novo as provided in Rule 30.1. Upon conviction in municipal or district court, the defendant shall be advised of the right to appeal for trial de novo and to demand a jury trial.”
Rule 18.1(b)(2), Ala.R.Crim.P., provides: ‘When the defendant appeals for trial de novo in the circuit court, he or she must demand a jury trial in writing at the time of filing notice of appeal for trial de novo, or within seven (7) days thereafter. Failure of a defendant to make a timely demand for trial by jury shall be deemed to be a waiver by the defendant of his or her right to trial by jury.”
“[I]n Alabama every criminal defendant charged with any misdemeanor has a statutory right to a jury trial in circuit court upon timely written demand.” Deming v. City of Mobile, 677 So.2d 1233, 1235 (Ala.Cr.App.1995), citing § 15-14-30, Ala.Code 1975. “The rule applies to state laws and municipal ordinances alike.” Committee Comments to Rule 18.1(a), Ala.R.Crim.P., quoted in Deming, 677 So.2d at 1235. See Day v. City of Mobile, 439 So.2d 812 (Ala.Cr.App.1983).
Under the circumstances of this case, we must conclude that Coughlin made a timely and proper written demand for a jury trial. Because the notice of appeal form provided to Coughlin by the municipal court does not contain a box or other designated place where a defendant can demand- a trial by jury, the logical place to indicate a demand for a jury trial is in the righthand margin of the notice of appeal, where the handwritten word indeed appears in this case. While Coughlin was guilty either of poor handwriting or an inadvertent error (writing an “F” instead of a “J”) in attempting to write the word “Jury” on his notice of appeal, we think the writing should reasonably have been construed to reflect a demand for a jury trial.[1] *832 We can think of no reason why someone would write the word “Fury” on his notice of appeal, and a person presented with Cough-lin’s notice of appeal would have to be almost willfully incurious not to attach the proper significance to the word written in the margin. Additionally, we note that Rule 18.1(b)(3), Ala.R.Crim.P., provides a defendant with an opportunity to seek relief from his waiver of a jury trial, with the consent of the court, before the taking of any evidence. The record reflects that Coughlin objected to the fact that he was not being tried before a jury before the circuit court proceeded to hear his case. Under the circumstances, the circuit court should have resolved any ambiguities concerning what Coughlin had written on the notice of appeal form in Coughlin’s favor, particularly in light of the fact that the form contained no designated place where Coughlin could assert his jury demand.
The use of a notice of appeal form like the one provided to Coughlin hinders a defendant from asserting his or her right to a jury trial and only invites the type of difficulties that arose in this case. Accordingly, we strongly urge the municipal court to provide a defendant seeking to appeal to circuit court for a trial de novo with a notice of appeal form that is substantially similar to the suggested Unified Judicial System Form MC-16 (previously Form 104), found in Ala.R.Crim. P., Appendix of Forms, which contains boxes for a defendant to mark to indicate either a request for a trial without a jury or a demand for a jury trial.
For the reasons stated above, the judgment of the circuit court is reversed and the cause is remanded with directions that Coughlin be afforded a trial by jury in accordance with his request.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.

. The municipal court records forwarded to the circuit court on the same day that Coughlin filed his notice of appeal contained a notation that Coughlin had demanded a jury trial. Moreover, the computer printout of the case action summary prepared by the Alabama Judicial Informa *832 tion Center for the proceedings in the circuit court also indicated that Coughlin had demanded a jury trial.