JOINER, Judge.
Laura Arteaga Gonzalez appeals her convictions in the Jefferson Circuit Court for violating the city's ordinances prohibiting animals to run at large and keeping a vicious animal. Gonzalez was initially convicted in the Homewood Municipal Court and then filed a notice of appeal for a jury trial de novo in the Jefferson Circuit Court. The circuit court denied her request for a jury trial and, following a bench trial on July 12, 2016, convicted Gonzalez of violating both ordinances. She received concurrent sentences of five days' hard labor in the Homewood city jail for each violation and was fined $200 plus court costs.
Facts and Procedural History
On July 3, 2015, Doreen Skillen and Carol Speed were walking through their neighborhood when two dogs approached them. Both women testified that the dogs jumped them and bit Skillen on the leg and the back.
Around that time, Justin McCarty was getting out of his Stanley Steemer cleaning van in a customer's driveway, and one of the dogs approached him. According to McCarty, the larger of the two dogs "nibbled playfully" on him and scratched him with its teeth.
Later, Sgt. John Carr and Officer Ted Springfield were called to the scene. Sgt. Carr testified that, when he arrived, he saw one of the dogs trying to bite McCarty. Sgt. Carr further testified that, when he whistled at the dog to get it away from McCarty, the dog charged at him. Feeling threatened, Sgt. Carr pulled out his gun and then shot and killed the dog. The other dog was impounded. Officer Springfield then arrested Gonzalez.
Following her arrest, Gonzalez was convicted in the Homewood Municipal Court for allowing animals to run at large, keeping a vicious animal, and refusing to comply with a lawful order. Thereafter, Gonzalez filed timely notice of appeal for a jury trial de novo in the Jefferson Circuit Court, pursuant to Rule 30.1, Ala. R. Crim. P.
The notice-of-appeal forms Gonzalez used to file her appeal in the Jefferson Circuit Court contained two boxes with signature lines under each box by which she could select either "Trial Without Jury" or "Defendant Demands Trial by Jury." Gonzalez initialed and dated the blanks on all three forms under the box stating "Defendant Demands a Jury Trial"; however, she checked this box only on *914 the form relating to the refusal-to-comply-with-a-lawful-order charge. She did not do so on the forms for her remaining two charges.
Before the trial de novo in the Jefferson Circuit Court, the City of Homewood dismissed the failure-to-comply-with-a-lawful-order charge but decided to proceed on the remaining two charges. The circuit court determined that, because the dismissed charge was the only charge as to which Gonzales had checked the box demanding a jury trial, the trial on the other two charges would proceed without a jury. The circuit court further noted that, despite the fact that she had initialed and dated the blanks next to the box for a jury demand, Gonzalez had, in effect, waived her right to demand a jury trial in these cases.
Over Gonzalez's objection, the circuit court tried her without a jury, and she was convicted of the two remaining charges.
Discussion
Gonzalez argues on appeal that the circuit court committed reversible error by denying her a trial by jury on the charges of allowing animals to run at large and keeping a vicious animal. (Gonzalez's brief, p. 13.) Although she acknowledges that she neglected to check the jury-trial-demand boxes on the notice-of-appeal forms for these two charges, she points out that she initialed and dated the blanks under these boxes. (Gonzalez's brief, p. 16.) According to Gonzalez, by doing so, she was clearly indicating that she was demanding a jury trial for each charge. (Gonzalez's brief, p. 17.) We agree.
In Alabama, it is well settled that the "right of trial by jury is fundamental in our jurisprudence, guaranteed by the Constitution ... and, if this guaranty means anything at all, it is that the defendant is entitled to trial by a jury selected and impaneled as prescribed by the law of the land." Spooney v. State, 217 Ala. 219, 221, 115 So. 308, 310-311 (1928). Rule 18.1(a), Ala. R. Crim. P., governs the procedure for asserting a demand for a jury trial when appealing for a trial de novo in circuit court. This rule provides:
"Defendants in all criminal cases shall have the right to be tried by a jury. In cases triable in the first instance in district or municipal courts, the defendant shall have the right to trial by jury only on demand upon appeal to the circuit court for trial de novo as provided in Rule 30.1 [, Ala. R. Crim. P.]. Upon conviction in municipal or district court, the defendant shall be advised of the right to appeal for trial de novo and to demand a jury trial."
Rule 18.1(a), Ala. R. Crim. P. Additionally, Rule 18.1(b)(2), Ala. R. Crim. P., provides:
"When the defendant appeals for trial de novo in the circuit court, he or she must demand a jury trial in writing at the time of filing notice of appeal for trial de novo, or within (7) days thereafter. Failure of a defendant to make a timely demand for trial by jury shall be deemed to be a waiver by the defendant of his or her right to trial by jury."
Rule 18.1(b)(2), Ala. R. Crim. P.
Gonzalez argues that, despite failing to mark the required boxes on two of the three notice-of-appeal forms, it was clear that she made an "unequivocal demand in writing for a jury trial." (Gonzalez's brief, p. 17.) Relying on our decision in Witherspoon v. City of Mobile, 513 So.2d 62 (Ala. Crim. App. 1987), Gonzalez contends that, by initialing and dating under the words "Defendant Demands Trial by Jury" on all three notice-of-appeal forms, she made it clear that she intended to demand a jury trial for all three charges. We agree.
In Witherspoon v. City of Mobile, the defendant's notice of appeal to the circuit court contained a typewritten demand for *915 a jury trial. 513 So.2d at 62. The city moved to strike the jury demand because it was not signed by defense counsel. Id. The circuit court granted this motion over the defendant's objection because the demand for a jury trial was not signed, referred to only one judgment, and was filed in only one of two cases. Id. at 62-63. We reversed the circuit court's judgment and held that the notice of appeal did in fact contain an unequivocal demand for a jury trial for both cases and that the demand need not have been signed in order to constitute a written demand. Id. at 62.
Additionally, in Coughlin v. City of Birmingham, 701 So.2d 830 (Ala. Crim. App. 1997), we addressed a similar issue. In that case, Coughlin appealed his municipal-court conviction and sought a trial de novo in the Jefferson Circuit Court. Id. at 831. Although the form he used for his notice of appeal did not have a designated place to indicate a demand for a trial by jury, Coughlin wrote the word "fury" next to his signature, intending to write the word "jury." Id. Over Coughlin's objection, the circuit court proceeded to hear his case without a jury, holding that Coughlin's notice of appeal "spoke for itself" and that the word "fury" did not constitute a proper demand for a jury trial. Id.
We reversed the circuit court's judgment and held that Coughlin made a timely and proper written demand for a jury trial. Id. Specifically, we held that, because the notice-of-appeal form provided to Coughlin by the municipal court did not contain a box or other designated place where he could indicate that he wanted a trial by jury, the only logical place for Coughlin to indicate a demand for trial by jury was where the handwritten word appeared. Id. This Court further stated that "[w]e can think of no [other] reason why someone would write the word 'fury' on his notice of appeal, and a person presented with Coughlin's notice of appeal would have to be almost willfully incurious not to attach the proper significance to the word written in the margin." Id. at 832. The same reasoning can be applied in the case now before us.
Here, Gonzalez placed the date and her initials under the boxes labeled "Defendant Demands Jury Trial," on all three notice-of-appeal forms for each of the charges against her as demonstrated below:
[] TRIAL WITHOUT JURY [] DEFENDANT DEMANDS TRIAL BY JURY LEA 8/25/2615 _______________________ ______ _______________________ _________ (Initials of Defendant) (Date) (Initials of Defendant) (Date) (Note: By checking either of the boxes above, the defendant acknowledges that he or she was advised of his or her right to a jury trial on appeal. Also, the defendant understands that if he or she does not check the `Defendant Demands Trial By Jury' box within seven (7) days of filing this Notice of Appeal, he or she waives his or her right to a trial by jury in circuit court.) /s/Laura Arteaqa _______________________ ____________________________________ Date Signature of Defendant/Attorney
(C. 41, 45.) The City points out, however, that the form expressly requires a defendant to check the jury-trial-demand box on each form to preserve his or her right to a trial by jury and that a failure to do so constitutes a waiver of that right. (City's brief, p. 8.) According to the City, because Gonzalez failed to check those boxes on the notice-of-appeal forms for her remaining two charges, she has waived her right to a *916 trial by jury. Id. We disagree. Although Gonzalez marked this box on only one of the three notice-of-appeal forms, under these circumstances, her demand for a jury trial was sufficiently clear. Accordingly, the circuit court committed reversible error by denying Gonzalez's demand for a jury trial.[1]
Conclusion
The judgment of the circuit court is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
Windom, P.J., and Welch, Kellum, and Burke, JJ., concur.

Our resolution of this issue pretermits discussion of the remaining issue Gonzalez raises on appeal.