Edmondson filed suit against K.E. Blakey[1] and The Aetna Casualty and Surety Company. Blakey was the foreman on a project being performed by Kiewit-Standard, the employer of Edmondson and Blakey. Aetna was Kiewit-Standard's workman's compensation carrier.
Blakey was charged with negligence in that he required Edmondson to operate a front-end loader which had defective brakes and with which Edmondson was unfamiliar. As Edmondson attempted to drive the front-end loader down an incline, it "got away" from him, he contends, because the brakes were defective. He jumped off of the runaway machine and suffered a broken leg.
The theory of Edmondson's claim against Aetna was negligent inspection under § 324 A of Restatement of The Law, Torts 2d, and Beasley v. McDonald Engineering Company, 287 Ala. 189,249 So.2d 844 (1971). The trial court granted Aetna's motion for summary judgment and the case proceeded to trial against Blakey, after which the jury returned a verdict in favor of the defendant. Edmondson then filed a motion for new trial, which was denied, and this appeal followed.
 AETNA'S MOTIONS TO DISMISS THE APPEAL
Aetna strongly insists that it is not a party to this appeal. As indicated, the trial court granted Aetna's motion for summary judgment on September 5, 1975. The case went to trial against Blakey and a judgment was rendered on a jury verdict in his favor on September 30, 1975. Thereafter, Edmondson filed a motion for a new trial which was denied on November 25, 1975.
On January 5, 1976, Edmondson filed a notice of appeal which is in the following form:
"NOTICE OF APPEAL TO THE COURT
OF CIVIL APPEALS OF ALABAMA
 "WADE Q. EDMONDSON In the Circuit Court of Autauga County Appellant Civil Action No. 3750
 Vs. September 30, 1975 Date of Judgment 
K.E. BLAKEY November 25, 1975 Appellee Post Judgment Order *Page 483 
 "Notice is hereby given that Wade Q. Edmondson appeals to the above-named court from the final judgment and the order dismissing his Motion for a New Trial entered in this cause.
 "Security for costs of appeal is filed herewith this Notice of Appeal.
 "Filed January 5th, 1976 Signed by Attorney
Date Wade Q. Edmondson Route 5, Box 618 "Certified as a true copy: Prattville, Alabama
 /s/ Fred Posey /s/ James D. Harris, Jr.
Circuit Clerk James D. Harris, Jr. Attorney for Appellant Harris Harris 1406 Union Bank Building Montgomery, Alabama 36104"
Aetna insists that the first notice it received which in anyway indicated that the trial court's action on its motion for summary judgment was being challenged was when its attorney, who also represented Mr. Blakey, received a copy of Edmondson's brief in this case. There is nothing on the notice of appeal to indicate that Aetna is an appellee; and it affirmatively indicates that the judgments appealed are those dated September 30, 1975, and November 25, 1975, and are described as the final judgment and order dismissing his motion for a new trial. These judgments related only to the defendant Blakey. The trial court's judgment granting the motion for summary judgment at Aetna's request was entered September 5, 1975. That judgment is not alluded to in any manner in the notice of appeal and only Blakey is referred to as an appellee. The notice does not even contain the traditional "et al." to indicate multiple appellees.
Our ARAP 3 (c), like its federal counterpart, provides for a simple notice of appeal specifying the party or parties taking the appeal. The rule says that the notice ". . shall designate the judgment, order or part thereof appealed from . . ." The federal courts have been very liberal in entertaining appeals even where the notice fails to comply literally with the requirements of Rule 3 (c). The test for dismissal for failure to comply seems to be whether the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice. Jones v. Chaney James Const. Co., 399 F.2d 84
(5th Cir. 1968); Donovan v. Esso Shipping Co., 259 F.2d 65 (3rd Cir. 1958).
Several federal decisions have concluded that FRAP 3 (c), although given its liberal interpretation by the courts, requires that in a multi-party suit, the notice of appeal must, to be effective, include the names of *Page 484 
those parties taking the appeal. Van Hoose, et al. v. Eidson,et al., 450 F.2d 746 (6th Cir. 1971); Cook Sons Equipment,Inc. v. Killen, 277 F.2d 607 (9th Cir. 1960).
While we might not be willing to go so far as to require the designation of each appellee in the notice of appeal, we do think that fairness requires that some indication appear that an appeal has been taken to reverse a judgment rendered in favor of a prevailing party. From the notice here, there is absolutely nothing to indicate that the judgment in favor of Aetna has been appealed. The notice not only fails to list Aetna as an appellee, but also affirmatively shows that the only two judgments being appealed are those involving only the appellee Blakey.
This conclusion probably would not be warranted in a case involving a single appellee. A notice of appeal indicating that an appeal has been taken from a judgment favorable to the appellee should give him notice that review might be sought as to matter not specified in the notice of appeal. In fact, that is contemplated by ARAP 3 (c).
The spirit of the ARAP is recognized and restated to insure the just, speedy and inexpensive determination of every appellate proceeding on its merits. The only jurisdictional rule in the entire rules is the timely filing of the notice of appeal. Nothing in the rules is designed to catch the unwary on technicalities. Jones v. Chaney James Const. Co., supra. A simple statement indicating what judgments the appellant appeals from is all that is required. In this case, the appellant has indicated that he appeals from two judgments rendered against him and in favor of the defendant Blakey. To treat this as an appeal from a judgment in favor of Aetna is to give more than a liberal construction to ARAP 3 (c). It is to read into the notice of appeal something which is simply not there. This would be unfair to Aetna. Appellant could have included Aetna in the designated appellees, or could have indicated that he was appealing from the judgment favorable to Aetna. He has done neither. Furthermore, had the appellant included in the notice of appeal a designation of the record to include the order entered on the motion for summary judgment as contemplated by Form # 1, this may well have constituted notice to Aetna that that judgment was being appealed. However, the appellant failed to do that. Instead, he simply says, in response to Aetna's motion to dismiss the appeal, that he designated the entire record; and it includes the order granting Aetna's motion for summary judgment.
The failure of the appellant to either (1) include Aetna as a named appellee; or (2) to indicate by description or date that the appeal was from the order granting Aetna's motion for summary judgment; or (3) indicating by designation that that order was being challenged; compels us to conclude that there is nothing in the notice of appeal or otherwise manifesting an intent to appeal from the summary judgment order entered in favor of Aetna. The motion to dismiss the appeal as to it is, therefore, granted.
 THE BLAKEY APPEAL New Trial
Edmondson contends that the trial court committed reversible error in overruling his motion for a new trial which was grounded on the allegation that the verdict was not sustained by the great preponderance of the evidence. It is appellant's contention that the evidence clearly shows that Blakey not only failed to exercise reasonable care under the circumstances but acted with a reckless indifference to the consequences by ordering Edmondson to operate a dangerously defective machine with which he was not familiar.
Title 7, § 276, Code of Alabama, authorizes a new trial where the ". . . verdict or decision is not sustained by the great preponderance of the evidence . ." This court has often held that it is the trial judge's duty to grant a motion for a new trial if, after allowing all reasonable presumptions of its correctness, the great preponderance of the evidence against the verdict *Page 485 
is so decided as to clearly convince the judge that it is wrong and unjust. W.M. Templeton Son v. David, 233 Ala. 616,173 So. 231 (1937); City of Ozark v. Byrd, 225 Ala. 332,143 So. 168 (1932); Jena Lumber Co. v. Marlowe Lumber Co., 208 Ala. 385,94 So. 492 (1922). A jury verdict should not be set aside, however, merely because it does not correspond to the court's opinion as to the weight of the evidence or merely because it is against the mere preponderance of the evidence. Dean v.Mayes, 274 Ala. 88, 145 So.2d 439 (1962).
For this court to overrule the trial court's denial of a motion for a new trial the evidence must so greatly preponderate as to clearly convince this court that the verdict is wrong and unjust. Kurn v. Counts, 247 Ala. 129, 22 So.2d 725
(1945). We have repeatedly held that verdicts are presumed correct and that no ground stated in a motion for a new trial is more carefully scrutinized than that the verdict was against the evidence. Callahan v. Booth, 275 Ala. 275, 154 So.2d 32
(1963); Dean v. Mayes, supra. In addition, where the trial judge denies a motion for a new trial the presumption in favor of the correctness of the verdict is strengthened. Grandquestv. Williams, 273 Ala. 140, 135 So.2d 391 (1961).
Again and again the rule has been stated that a decision of the trial court in denying the motion for a new trial will not be reversed on the ground that the verdict is against the evidence unless, after allowing all reasonable presumptions of correctness, the preponderance of the evidence clearly convinces this court that the trial judge was wrong. Bush v.Stanton, 273 Ala. 615, 143 So.2d 621 (1962). Or, stated differently, where evidence is presented which, if believed, supports the verdict, a motion for a new trial on the ground that the verdict is against the evidence may be properly denied. Thompson v. Magic City Trucking Service, 275 Ala. 291,154 So.2d 306 (1963); Dean v. Mayes, supra.
We have carefully read the evidence in this case and are convinced that it contains testimony which, if believed by the jury as it obviously was, justifies the verdict in favor of appellee Blakey. The judgment in his favor on the verdict and the order denying Edmondson's motion for new trial are, therefore, affirmed.
Appeal dismissed as to Aetna. Judgment in favor of Blakey is affirmed.
MADDOX, FAULKNER and BEATTY, JJ., and EMBRY, FRANK B., Supernumerary Circuit Judge, sitting by designation of the Chief Justice, concur.
[1] We have referred to the appellee as "Blakey" because his name was so denominated throughout most of the pleadings below and in documents filed in this court. We note, however, that his name is properly spelled "Blaikie" in each instrument which carries his signature.