Lynn Marie Threadgill (plaintiff) appeals from a grant of summary judgment against her by the Circuit Court for Jefferson County dismissing her action for damages *Page 131 
due to personal injury. Plaintiff was injured while a spectator during a football game at Ensley High School in Birmingham. She brought a negligence action against the Birmingham Board of Education and four fictitious defendants. Wilmer S. Cody, Superintendent of the Birmingham Board of Education, later was substituted for one of the fictitious defendants. The circuit court granted motions for summary judgment dismissing plaintiff's action against both Cody and the Birmingham Board of Education.
In this appeal, plaintiff asks us to re-examine our prior decisions holding that boards of education are not subject to tort actions due to sovereign immunity: Enterprise City Boardof Education v. Miller, 348 So.2d 782 (Ala. 1977); Sims v.Etowah County Board of Education, 337 So.2d 1310 (Ala. 1976). We find it unnecessary to re-examine this court's pronouncements on the enjoyment of sovereign immunity by boards of education. Two issues, and the questions posed thereby, are dispositive of this appeal. The first is: Did plaintiff properly appeal from the decision of the circuit court dismissing its action against the Birmingham Board of Education? The second is: Was defendant Wilmer S. Cody properly substituted for a fictitious defendant under Rule 9 (h), Alabama Rules of Civil Procedure, so that the substitution related back by operation of Rule 15 (c), A.R.C.P., to the original filing of plaintiff's action and thereby came within the one-year statute of limitations provided by Code 1975, §6-2-39? We answer both in the negative and we affirm the judgment of the circuit court.
The Birmingham Board of Education contends that the plaintiff failed to properly appeal from the grant of summary judgment adverse to her on her action against it. We agree. Plaintiff's action was filed originally on June 17, 1980. Defendant Birmingham Board of Education's motion for summary judgment in its favor was granted on December 17, 1980. Later, on March 12, 1981, the circuit court granted Cody's motion for summary judgment in his favor. Plaintiff filed a notice of appeal on April 23, 1981, which states in pertinent part:
 Notice is hereby given that Lynn Marie Threadgill appeals to the Supreme Court of Alabama from the order of the trial court of March 12, 1981 in granting the motion for summary judgment, said motion being filed on or about the 2nd day of March 1981.
 Filed with this Notice of Appeal are security for costs of appeal and docket fee in the amount of $50.00.
FILED: Apr 23, 1981. . . .
Nowhere in plaintiff's notice of appeal does she indicate that she is appealing from the circuit court's order of December 17, 1980, dismissing the Birmingham Board of Education as a party to plaintiff's action. The only reference that arguably might be said to include the Birmingham Board of Education in the notice of appeal is the style of the notice which recites "Lynn Marie Threadgill, Appellant vs. Birmingham Board of Education, et al."
In Edmondson v. Blakey, 341 So.2d 481 (Ala. 1976), this court considered a similar situation where the appellant failed to designate an appeal from a grant of summary judgment in favor of one of the defendants. The trial court in Edmondson v.Blakey granted summary judgment in favor of Aetna on September 5, 1975, and defendant Blakey received a judgment in his favor on September 30, 1975. After Edmondson's motion for a new trial was denied, he filed a notice of appeal on January 5, 1976. Edmondson's notice of appeal failed to mention Aetna and indicated only that an appeal was taken from the judgment rendered in favor of Blakey. Edmondson v. Blakey, at 482-3.
This court has observed:
 Our ARAP 3 (c), like its federal counterpart, provides for a simple notice of appeal specifying the party or parties taking the appeal. The rule says that the notice ". . . shall designate the judgment, order or part thereof appealed from . . ." The federal courts have been very liberal in entertaining appeals even where the notice fails to comply literally with the requirements of Rule 3 (c). The test for *Page 132 dismissal for failure to comply seems to be whether the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice.
Edmondson v. Blakey, at 483 (citations omitted) (emphasis added).
Applying the above-quoted test, the question which next arises is whether plaintiff's notice of appeal reasonably evidenced an intent to appeal from the trial court's order dismissing the Birmingham Board of Education as a party to her action. We think that it did not. Plaintiff's notice of appeal designates only the circuit court's order of March 12, 1981, which involved only Cody, and not the Birmingham Board of Education. We are aware that one difference does exist between the present appeal and the factual situation considered inEdmondson v. Blakey. The style of plaintiff's notice of appeal names the Birmingham Board of Education. Appellant's style in his notice of appeal in Edmondson v. Blakey did not name defendant Aetna. Nevertheless, this distinction does not help plaintiff. Rule 3, Alabama Rules of Appellate Procedure, provides an uncomplicated means of effecting an appeal. It is not designed "to catch the unwary on technicalities." Edmondsonv. Blakey, at 484; Jones v. Chaney James ConstructionCompany, 399 F.2d 84 (5th Cir. 1968). "A simple statement indicating what judgments the appellant appeals from is all that is required." Edmondson v. Blakey, at 484. The thrust of plaintiff's notice of appeal is that she is appealing from the circuit court's order and judgment of March 12, 1981.
 Where the appellant notices the appeal of a specified judgment only or a part thereof, however, this court has no jurisdiction to review other judgments or issues which are not expressly referred to and which are not impliedly intended for appeal.
C.A. May Marine Supply Company v. Brunswick Corporation,649 F.2d 1049 (5th Cir. 1981); Elfman Motors, Inc. v. ChryslerCorporation, 567 F.2d 1252 (3d Cir. 1977); Donovan v. EssoShipping Company, 259 F.2d 65 (3d Cir. 1958). Accordingly, the Birmingham Board of Education's motion to dismiss the purported appeal concerning it is hereby granted.
Next, we consider plaintiff's appeal from the circuit court's order and judgment of March 12, 1981, dismissing plaintiff's action against Wilmer S. Cody, Superintendent of the Birmingham Board of Education. The trial court in its order dismissing plaintiff's action against Cody noted that the incident which forms the basis of plaintiff's action occurred on September 24, 1979, and that plaintiff's motion to amend her complaint to substitute Cody for a fictitious defendant was not filed until December 16, 1980. The circuit court's order also notes that the identity of defendant Cody was known to plaintiff in advance of the statute of limitations having run.
Citing Fowlkes v. Liberty Mutual Insurance Company,392 So.2d 803 (Ala. 1981), plaintiff contends that because her original complaint states a cause of action against her fictitious parties, her amendment substituting Cody for a fictitious defendant properly relates back to the filing of her complaint. If that were true, plaintiff's amendment would then come within the one-year statute of limitations prescribed by Code 1975, §6-2-39, through the relation back provision of Rule 15 (c), A.R.C.P. We cannot agree with plaintiff's contention, because the fictitious party provision of Rule 9 (h), A.R.C.P., is intended to operate principally in the area of
 emergency cases where neither the name nor the identity of the defendant is known, as where the cause of action is known but the party liable is not, and there is urgent need to get service of process upon the party against whom the plaintiff has an action, or there is need for immediate seizure of property.
Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978), cited in Fowlkes v. Liberty Mutual Insurance Company, at 805.
Next, plaintiff submits that the only evidence that she had suggesting Cody's alleged liability was provided when the Birmingham Board of Education answered plaintiff's written interrogatories. In one *Page 133 
of its answers, the Birmingham Board of Education stated that it was responsible for the care, condition, and maintenance of the site at which plaintiff was injured. Within one week of receiving the answer, plaintiff sought to amend her complaint to substitute Cody for one of the fictitious defendants. Plaintiff argues that these facts excuse her lateness in bringing Cody into her action. In effect, she claims she did not know a cause of action existed against Cody at the time she filed her complaint. Recently this court stated that where the identity of a party is known at the time suit is filed, but where the cause of action against such defendant is unknown, Rule 9 (h), A.R.C.P., does not allow a relation back to the original filing of the complaint where the statute of limitations has run. Minton v. Whisenant, 402 So.2d 971 (Ala. 1981). We, therefore, find plaintiff's argument to be without merit.
In view of our holding, we pretermit discussion of the other issues raised by this appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.