ADAMS, Justice.
The appeal in this case raises two issues for our consideration. The threshold issue is whether appellant, Victor Williamson, has complied with the requirements of Rule 3(c), A.R.App.P., and, therefore, whether this appeal is properly before us. Second, if the appeal is properly before us, then we are asked to determine whether the Circuit Court of Mobile County erred in granting summary judgment in favor of the appel-lee, Michael Stephen Dawson.
Williamson filed suit against the appellee and Karen Ena Henderson for injuries he allegedly received as a result of an automobile accident in Mobile on September 27, 1984. Williamson was stopped in traffic when the car he was driving was struck from the rear by the car being driven by Dawson. The facts suggest that a third car, driven by Henderson, struck Dawson’s vehicle and caused Dawson’s vehicle to collide with the Williamson car.
On April 1, 1986, Dawson filed a motion for summary judgment. The court granted summary judgment in Dawson’s favor on April 25, Í986; however, that summary judgment was not made final in accordance with the requirements of Rule 54(b), A.R.Civ.P. On August 26,1986, Williamson filed a “motion to add” Dawson as a defendant and, three days later, filed a *48 “motion to join” Dawson. Both motions were denied on September 12, 1986. Henderson settled with the appellant and, on September 17,1986, the- Circuit Court of Mobile County entered the following minute order:
“Case settled; cause dismissed, with prejudice; each party to bear its own costs.”
Williamson filed a notice of appeal on September 26, 1986, which reads, in part:
Appeal is taken to the Supreme Court in the State of Alabama. Both the initial granting of Summary Judgment and the later refusal to allow the Defendant, MICHAEL STEPHEN DAWSON, to be returned to the action or appealed from [sic].
We have held:
Rule 3, Alabama Rules of Appellate Procedure, provides an uncomplicated means of effecting an appeal. It is not designed “to catch the unwary on technicalities.” Edmondson v. Blakey, [341 So.2d 481 (Ala.1976),] at 484; Jones v. Chaney & James Construction Company, 399 F.2d 84 (5th Cir.1968). “A simple statement indicating what judgments the appellant appeals from is all that is required.” Edmondson v. Blakey, at 484.
Threadgill v. Birmingham Bd. of Education, 407 So.2d 129, 132 (Ala.1981); see, also, Edmondson v. Blakey, 341 So.2d 481 (Ala.1976). In the present case, the April 25, 1986, summary judgment order in favor of Dawson was not made final by in compliance with Rule 54(b), A.R.Civ.P., and, therefore, did not become final until the September 17, 1986, order of the court dismissing the case with prejudice. Rule 54(b) provides:
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), and in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. [Emphasis added.]
Rule 54(b), A.R.Civ.P.
Appellee argues that Williamson’s notice of appeal made no mention of the September 17, order, which was the only final judgment in the case, and, therefore, that Williamson has failed to properly appeal. We disagree. Williamson appealed the summary judgment order of the Circuit Court of Mobile County and the order of the court denying plaintiff’s motion to join Dawson. Williamson filed that notice of appeal on September 26, 1986, well within the statutory period allowed for appealing a final judgment — 42 days. Rule 4, A.R. App.P. Williamson could not have appealed earlier, since the summary judgment entered by the court on April 25, 1986, in Dawson’s favor was not made final by compliance with the requirements of Rule 54(b), A.R.Civ.P., and did not become a final order until September 17, 1986. We hold, therefore, that Williamson’s appeal in this case is properly before the Court.
Having determined the threshold question of this Court’s jurisdiction to consider the appeal, we are asked to determine whether the circuit court erred in granting summary judgment in favor of Dawson. The standard of review applicable in this case for determining whether summary judgment was properly granted has been stated often. We'have held that if there exists evidence to support the case of the non-moving party, then summary judgment is improper. Pickett v. United States Steel Corp., 495 So.2d 572 (Ala.1986). As stated otherwise, a summary judgment motion tests the sufficiency of the evidence to determine whether any real issue exists. *49 Garrigan v. Hinton Beef & Provision Co., 425 So.2d 1091 (Ala.1983). In negligence actions, summary judgment has often been held to be inappropriate because questions of reasonableness, proximate causation, and foreseeability of the act at issue usually are present. Searight v. Cummings Trucking Co., 439 So.2d 81 (Ala.1983).
In the present case, however, there is no evidence to support Williamson’s allegation that Dawson “contributed or may have contributed” to the accident. Williamson himself testified that the only way the accident could have happened was for karen Henderson, driver of the third car, to have hit Dawson’s car and knocked Dawson’s car into the Williamson car. Three other persons gave testimony in the case — Dawson, Karen Henderson, and a witness, Becky Henderson. Becky Henderson’s testimony agrees with Dawson’s statement that he had stopped his car and was subsequently forced into the Williamson car when struck by the third car driven by Karen Henderson. Karen Henderson did not dispute this sequence of events.
While we understand the proclivity of the parties to argue the proximate cause element of this negligence claim, more appropriately, it is the breach of duty element that is missing. To be sure, if the plaintiff’s evidence were sufficient to raise a reasonable inference of the defendant's negligence, the undisputed facts would unquestionably meet the plaintiff’s causation element of his claim. But where is the evidence of any negligence of the defendant that combined and concurred with the negligence of Henderson on the occasion in question? We find none.
Therefore, we hold that the Circuit Court of Mobile County did not err in granting summary judgment in favor of appellee, Michael Stephen Dawson. We affirm.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.