PER CURIAM.
This case is before this Court on the State’s motion to dismiss this appeal. The *344 appellant, James F. Wooten, appeals from the denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim.P. Wooten did not file written notice of appeal, but on the day of the evi-dentiary hearing on the petition he gave oral notice that he intended to appeal.
The State argues that Wooten’s appeal should be dismissed because, it says, the oral notice of appeal — given the day of the evidentiary hearing — was not a proper means of filing a notice of appeal in that it failed to comply with Rule 3(a), Ala. R.App.P. It argues that Rule 3(a), Ala. R.App.P., provides that the only means of filing a notice of appeal from the denial of a postconviction petition is by filing a written notice with the circuit clerk’s office within 42 days from the date of the ruling on the petition. We agree.
Rule 3(a)(2), Ala.R.App.P., provides, in part:
“(2) In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court within the time allowed by Rule 4 [42 days], or by the defendant’s giving an oral notice of appeal at the time of sentencing ....”
(Emphasis added.) Rule 4(b), Ala.R.App. P., provides that a notice of appeal must be filed within 42 days of the date of sentencing or within 42 days of the date of the denial of a posttrial motion or the overruling of such a motion.
The appellate courts of this State have ruled that an oral notice of appeal is effective only if made at the time of sentencing. Longmire v. State, 443 So.2d 1265 (Ala.1982); Ex parte Gamble, 413 So.2d 404 (Ala.Cr.App.1982); and Tyson v. State, 361 So.2d 1182 (Ala.Cr.App.1978).
The rationale behind giving a convicted defendant the right to file a notice of appeal orally at the time of sentencing is to provide a defendant who wishes to appeal his conviction a means of applying for a bond so that he can remain free pending the outcome of the appeal process. See Rule 7.2(c), Ala.R.Crim.P. In a postconviction proceeding there is no sentencing hearing. Neither may the petitioner be released on bond pending the outcome of his appeal from the denial of a postconviction petition. See Rule 32.10, Ala. R.Crim.P.
The oral notice of appeal given in this case at the evidentiary hearing was not sufficient to invoke this Court’s jurisdiction. Because no written notice of appeal was filed in this case, this Court has no jurisdiction to consider this appeal. See Barfield v. State, 703 So.2d 1011 (Ala.Cr.App.1997).
We reiterate — the only proper means of filing a notice of appeal from the denial of a postconviction petition is to file a written notice of appeal in the circuit clerk’s office within 42 days from the ruling on the petition.
APPEAL DISMISSED.
LONG, P.J., and McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.