This case is before this Court on the State's motion to dismiss Reginald L. Gray's appeal. Gray appeals from the revocation of his probation. In February 2001, the trial court held a probation revocation hearing and, at the end of the hearing, revoked Gray's probation. Although Gray gave an oral notice of appeal at the time his probation was revoked, he never filed a written notice of appeal in the circuit clerk's office.
The State argues that Gray's appeal should be dismissed because, it argues, the oral notice of appeal — given at the time that Gray's probation was revoked — was not an effective notice of appeal; therefore, it argues jurisdiction was never conferred on this Court. It cites cases in which this Court, by order, dismissed appeals because, although an oral notice of appeal was filed at the time probation was revoked, no written notice of appeal was ever filed. We allowed Gray an opportunity to respond to the State's motion to dismiss. Gray states that the record contains a written notice of appeal.[1] He further states, "The cases cited by the State appear to support the proposition that an appeal of the original conviction is not timely filed if made at the time of revocation of probation."
Rule 3(a)(2), Ala.R.App.P., states the following concerning an oral notice of appeal:
 "In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court within the time allowed by Rule 4, or by the defendant's giving an oral notice of appeal at the time of sentencing, which oral notice shall be noted of record. . . ."
An oral notice of appeal is effective only if made at the time of sentencing. Ex parte Longmire, 443 So.2d 1265 (Ala. 1982); Ex parteGamble, 413 So.2d 404 (Ala.Crim.App. 1982); Tyson v. State, 361 So.2d 1182
(Ala.Crim.App. 1978). The revocation of probation is not the equivalent *Page 1236 
of sentencing. According to Rule 27.6, Ala.R.Crim.P., the trial court may only "revoke, modify, or continue probation." A trial court may not sentence a defendant a second time. A probation-revocation proceeding is akin to a postconviction proceeding — it is a proceeding that occurs after conviction and sentence.
The only valid way to file notice of appeal from the revocation of probation is to file a written notice of appeal, in the appropriate circuit clerk's office, within 42 days from the date that probation is revoked. See Wooten v. State, 769 So.2d 343 (Ala.Crim.App. 2000). Gray's remedy, if any, is to file a petition for postconviction relief pursuant to Rule 32.1(f), Ala.R.Crim.P.
No written notice of appeal was filed in this case; therefore, this Court has no jurisdiction to consider this appeal. See Barfield v.State, 703 So.2d 1011 (Ala.Crim.App. 1997). Because we have no jurisdiction to consider this appeal, this appeal is dismissed.
APPEAL DISMISSED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] The notice to which the appellant refers is apparently the circuit clerk's transmittal of the appellant's oral notice of appeal. The record contains no written notice of appeal filed by Gray.
 *Page 1