On Application for Rehearing
The appellant, John Bennie McLin, Jr., appeals the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1998 conviction for burglary in the first degree and his resulting sentence, as a habitual felony offender, of life imprisonment without the possibility of parole. This Court affirmed McLin's conviction and sentence on direct appeal in an unpublished memorandum issued on March 26, 1999. McLin v. State, (No. CR-98-0373) 767 So.2d 422 (Ala.Crim.App. 1999) (table). A certificate of judgment was issued on July 15, 1999.
McLin filed the present Rule 32 petition on September 16, 1999. The State filed a response and motion to dismiss the petition on September 24, 1999. On May 31, 2000, the circuit court held a hearing on McLin's petition. McLin presented no evidence at the hearing. The circuit court denied McLin's petition on May 22, 2001.[1] On July 9, 2001, this Court received a form entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" dated July 3, 2001, and signed by the clerk of the Limestone Circuit Court. No other written notice of appeal was filed.
On September 20, 2001, the State filed a motion to dismiss McLin's appeal on the ground that McLin had not filed a written notice of appeal. We allowed McLin 14 days to respond to the State's motion; on October 4, 2001, McLin filed a response, arguing that the form entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" was, in fact, completed and filed by him and should be considered to be his written notice of appeal. After considering the arguments of McLin and the State, this Court dismissed McLin's appeal on October 22, 2001. In our certificate of *Page 939 
dismissal, we noted that McLin's use of the form specifically designated for use by circuit court clerks was inappropriate and that because neither McLin nor his counsel signed that form, McLin had failed to perfect his appeal.
On November 5, 2001, McLin filed an application for rehearing requesting that we set aside our dismissal of his appeal and review the circuit court's denial of his Rule 32 petition. We grant the application and affirm the denial of McLin's petition.
 I.
In his application for rehearing, McLin argues that we should set aside our dismissal of his appeal because, he says, the form he completed was sufficient to satisfy the requirements of Rule 3(c), Ala.R.App.P. Specifically, he maintains that there is no form for filing a notice of appeal with this Court other than the form specifically designated to be filed by circuit court clerks that he completed. He further maintains that Rule 3, Ala.R.App.P., does not require a notice of appeal to be signed by an appellant or the appellant's attorney.
McLin's assertion that no form exists for filing a notice of appeal with this Court other than the form he completed entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" is incorrect. A sample form is included in the Appendix to the Alabama Rules of Appellate Procedure, specifically, Form 11, entitled "Notice of Appeal to the Court of Criminal Appeals of Alabama." Although the forms in the Appendix to the Rules, including Form 11, have not been approved or adopted by the Alabama Supreme Court, see Rule 50, Ala.R.App.P., they nevertheless serve as examples for appellants and their attorneys. We find McLin's argument that dismissal of his appeal was improper because there is no form for filing a notice of appeal with this Court other than the form he completed to be meritless.
However, we agree with McLin that nothing in Rule 3, Ala.R.App.P., imposes a requirement, jurisdictional or otherwise, that a notice of appeal be signed by an appellant or his or her attorney. Rule 3(a), Ala.R.App.P., entitled "Filing the Notice of Appeal," provides in part: "In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court within the time allowed by Rule 4, or by the defendant's giving an oral notice of appeal at the time of sentencing." Rule 3(c), Ala.R.App.P., entitled "Form and Content of Notice of Appeal," states:
 "The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken. Such designation of judgment or order shall not, however, limit the scope of appellate review.
 "If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court."
In Edmondson v. Blakey, 341 So.2d 481 (Ala. 1976), the Alabama Supreme Court stated:
 "Our [Ala.R.App.P.] 3(c), like its federal counterpart, provides for a simple notice of appeal specifying the party or parties taking the appeal. The rule says that the notice `. . . shall designate the judgment, order or part thereof appealed from . . .' The federal courts have been very liberal in entertaining appeals *Page 940 
even where the notice fails to comply literally with the requirements of Rule 3(c). The test for dismissal for failure to comply seems to be whether the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice. Jones v. Chaney James Const. Co., 399 F.2d 84 (5th Cir. 1968); Donovan v. Esso Shipping Co., 259 F.2d 65 (3rd Cir. 1958).
". . . .
 "The spirit of the [Alabama Rules of Appellate Procedure] is recognized and restated to insure the just, speedy and inexpensive determination of every appellate proceeding on its merits. The only jurisdictional rule in the entire rules is the timely filing of the notice of appeal. Nothing in the rules is designed to catch the unwary on technicalities. Jones v. Chaney James Const. Co., supra. A simple statement indicating what judgments the appellant appeals from is all that is required."
341 So.2d at 483-84. And in Witherspoon v. City of Mobile, 513 So.2d 62
(Ala.Crim.App. 1987), this Court noted:
 "[Ala.R.App.P.] 3(c) provides that '[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . . Such designation of judgment or order shall not, however, limit the scope of appellate review.' The test to determine if the notice complies with Rule 3(c) is `whether the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice.' Edmondson v. Blakey, 341 So.2d 481, 483 (Ala. 1976); Threadgill v. Birmingham Board of Education, 407 So.2d 129, 132 (Ala. 1981). `Nothing in the rules is designed to catch the unwary on technicalities. . . . A simple statement indicating what judgments the appellant appeals from is all that is required.' Edmondson v. Blakey, 341 So.2d at 484 (citation omitted)."
513 So.2d at 63. Furthermore, the United States Supreme Court has construed the federal counterpart to our Rule 3 as not attaching jurisdictional significance to the signature requirement. In Becker v.Montgomery, 532 U.S. 757 (2001), the United States Supreme Court stated:
 "Petitioner Dale G. Becker, an Ohio prisoner, instituted a pro se civil rights action in a Federal District Court, contesting conditions of his confinement. Upon dismissal of his complaint for failure to state a claim for relief, Becker sought to appeal. Using a Government-printed form, Becker timely filed a notice of appeal that contained all of the requested information. On the line tagged '(Counsel for Appellant),' Becker typed, but did not hand sign, his own name. For want of a handwritten signature on the notice as originally filed, the Court of Appeals dismissed Becker's appeal. The appellate court deemed the defect `jurisdictional,' and therefore not curable outside the time allowed to file the notice.
 "We granted review to address this question: `When a party files a timely notice of appeal in district court, does the failure to sign the notice of appeal require the court of appeals to dismiss the appeal?' 531 U.S. 1110 (2001). Our answer is no. For want of a signature on a timely notice, the appeal is not automatically lost. The governing Federal Rules direct that the notice of appeal, like other papers filed in district court, shall be signed by counsel or, if the party is unrepresented, by the party himself. But if the notice is timely filed and adequate in other respects, jurisdiction will vest in the court of appeals, *Page 941 
where the case may proceed so long as the appellant promptly supplies the signature once the omission is called to his attention."
532 U.S. at 759-60. See also 5 Am Jur.2d Appellate Review § 327 (1995), which states:
 "The requirements of the Federal Rules of Appellate Procedure with respect to the contents of notices of appeal are jurisdictional and mandatory, but such requirements are to be liberally construed by the courts. Thus, when papers are technically at variance with the letter of the Federal Rules of Appellate Procedure, a court may nonetheless find that the litigant has complied with the Rules if the litigant's action is the functional equivalent of a notice of appeal, provided that the document accomplishes the dual objectives of notifying the court and notifying opposing counsel of the taking of an appeal. Any document that satisfies these objectives and which is timely filed may function as a notice of appeal. In determining whether a document will be construed as a notice of appeal, some courts employ a more lenient standard when the appellant is not represented by counsel; where life, liberty, or property is at stake; or when the interests of substantive justice so require."
(Footnotes omitted.) Perhaps the best general discussion of this issue appears in Charles Alan Wright et al., Federal Practice and Procedure
§§ 3949.4 and 3949.6 (3d ed. 1999). In § 3949.4, the authors refer to § 3949.6 and note that "[t]he signature and address of the appellant's attorney should [be included], but failure to sign the notice should not defeat the appeal." (Footnote omitted.) In § 3949.6, the authors provide a detailed discussion of the effect of defects in taking an appeal; specifically, they note:
 "The great hallmark of Rule 3, both in its language as amended over the years and in the construction the courts have put upon it, is liberality. The rulemakers and the judges have wanted to be sure that a possibly meritorious appeal is not denied its day in court because the appellant — or more often the appellant's lawyer — has left some i undotted or some t uncrossed."
See also Thiem v. Hertz Corp., 732 F.2d 1559 (11th Cir. 1984); Cliftonv. Ashcroft, 996 F.2d 1221 (8th Cir. 1993); McNeil v. Blackburn,802 F.2d 830 (5th Cir. 1986); Robinson v. City of Chicago, 868 F.2d 959
(7th Cir. 1989).
There is no express requirement in the Alabama Rules of Appellate Procedure that a notice of appeal filed in a criminal case be signed by the appealing party or by his or her counsel. Certainly Rules 3(a)(2) and 3(c) contain no such requirement. Both the rules[2] and the caselaw interpreting the rules indicate that the only jurisdictional prerequisite to an appeal to this Court is the timely filing of the notice of appeal, and both state and federal caselaw suggest that appellate rules should be liberally construed so as not to "catch the unwary on technicalities."Edmondson, 341 So.2d at 483. Based on the plain language of Rule 3(c) and the caselaw cited *Page 942 
above, we hold that a notice of appeal does not have to be signed by an appellant or by his or her attorney. Jurisdiction vests with this Court when a notice of appeal that substantially complies with the requirements of Rule 3(c), Ala.R.App.P., is timely filed.
In this case, McLin used the form entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" as his written notice of appeal. McLin's use of this form was improper. This particular form was specifically designed for use by circuit court clerks to transmit notice to this Court that someone has filed an appeal; by signing the signature line provided on the form, the clerk of the circuit court certifies to this Court that all the information contained in the form is accurate. This certification is required because it is from the information contained on the form that this Court dockets every appeal. Use of this court form or any other court form in a manner or for a purpose other than that for which it was designed is inappropriate and cannot help but lead to confusion, as has happened in this case. Because the form used in this case was not designed for use by appellants or their attorneys, and to better ensure the accuracy of the information upon which all appeals are docketed, this Court strongly discourages the local practice by some circuit court clerks of requesting and/or allowing appellants or their attorneys to complete this form whenever an appeal is taken to this Court. We likewise strongly encourage appellants and their attorneys to use Sample Form 11 in the Appendix to the Alabama Rules of Appellate Procedure, or something similar thereto, when filing their written notices of appeal. Although neither approved nor adopted by the Alabama Supreme Court, that sample form is an appropriate form for filing notices of appeal; it satisfies the requirements of Rule 3(c), and it includes an area for the signature of the appellant's attorney. Moreover, use of this sample form will not result in confusion or complications in perfecting appeals that may result from the use of an inappropriate form.
Although we find that McLin's use of the form entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" as his written notice of appeal was improper, we nevertheless conclude that it was sufficient to perfect his appeal.[3] The form designated the party taking the appeal, the judgment appealed from, and the name of the court to which the appeal was being taken; we can reasonably infer McLin's intent to appeal from the text of the document; and the document was timely filed. Therefore, we find that this form was sufficient to perfect McLin's appeal.
We recognize that in Gray v. State, 808 So.2d 1234 (Ala.Crim.App. 2001), this Court held, at least implicitly, that the circuit clerk's notice-of-appeal form was not the equivalent of a written notice of appeal filed by an appellant, as required by Rule 3(a), and, thus, was not sufficient to perfect an appeal. However, based on the analysis above, we now conclude that that holding was in error. Therefore, to the extent that Gray holds that the form entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" can never be sufficient to perfect an appeal, it is hereby overruled. *Page 943 
Because McLin's notice of appeal was technically sufficient, our earlier dismissal of McLin's appeal is hereby set aside.
 II.
In his Rule 32 petition McLin presented numerous claims, including several claims of ineffective assistance of counsel.[4] McLin presented several additional claims of ineffective assistance of counsel in an amendment to his petition and at the hearing on his petition. Of the claims presented in his petition, in the amendment to his petition, and at the hearing on his petition, McLin pursues six claims of ineffective assistance of counsel on appeal. Those claims that McLin presented in his petition, but does not pursue on appeal are deemed to be abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App. 1995) ("We will not review issues not listed and argued in brief."). In addition, McLin presents an additional claim of ineffective assistance of counsel on appeal that was not presented in his petition, in the amendment to his petition, or at the hearing on his petition. "An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition." Arringtonv. State, 716 So.2d 237, 239 (Ala.Crim.App. 1997). Therefore, this claim is not properly before this Court for review.
As to the six claims of ineffective assistance of counsel that are properly before this Court for review, we conclude that McLin is not entitled to relief on any of them. We have reviewed the record of the Rule 32 proceedings and the record from McLin's direct appeal, and we find that all of McLin's claims of ineffective assistance of counsel are meritless. As noted above, McLin presented no evidence at the Rule 32 hearing to support any of his claims; he merely presented arguments to the circuit court. In addition, the record from McLin's direct appeal refutes many of his claims. After carefully considering his claims, we agree with the circuit court that McLin failed to prove that his counsel's performance was deficient or that he was prejudiced by any alleged deficiency, as required by Strickland v. Washington, 466 U.S. 668
(1984). Therefore, the circuit court properly denied McLin's petition.
Based on the foregoing, the judgment of the circuit court is affirmed.
APPLICATION GRANTED; DISMISSAL OF OCTOBER 22, 2001, SET ASIDE; AFFIRMED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] The circuit court's order denying the petition was originally issued on November 2, 2000. However, the circuit court did not have jurisdiction to deny the present petition at that time because McLin had an appeal pending in this Court from the denial of another petition. On instructions from this Court, the circuit court set aside its November 2, 2000, order pending this Court's ruling on the appeal from McLin's other petition. After this Court affirmed the denial of McLin's other petition, the circuit court reissued its order denying the present petition.
[2] Rule 2(a) provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court" (emphasis added), but Rule 2(a)(2) provides that dismissal is discretionary with the appellate court if an appellant fails to timely file a brief, takes a frivolous appeal, fails to prosecute the appeal, or fails to comply substantially with the rules. The discretionary language of Rule 2(a)(2), as opposed to the mandatory language and specific reference to jurisdiction in Rule 2(a)(1), suggests that any defect in a notice of appeal, other than its timeliness, is not jurisdictional.
[3] McLin's response to the State's motion to dismiss included a verified statement by McLin's counsel that the notice-of-appeal form was completed by her on McLin's behalf and not by the circuit court clerk. Therefore, we reject the State's argument that the form was not filed by McLin.
[4] McLin was represented by the same counsel at trial and on appeal. His claims of ineffective assistance of counsel include claims relating to counsel's performance both at trial and on appeal.