SHAW, Judge.
Herbert James Reeves appeals the circuit court’s summary denial of his second Rule 32, Ala.R.Crim.P., petition for post-conviction relief, in which he sought an out-of-time appeal from the summary denial of his first Rule 32, Ala.R.Crim.P., petition.
In the present petition, filed on November 15, 2001, Reeves alleged that the failure to properly perfect his appeal from the denial of his first petition was through no fault of his own. He claimed that he properly filed a written notice of appeal in compliance with Rule 3, Ala.R.App.P., specifically, the form entitled “Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk,” but that this Court dismissed the appeal on the State’s motion for failure to file a written notice of appeal. After receiving a response from the State, the circuit court summarily denied the petition.
On appeal, Reeves contends that the circuit court erred in denying his petition because, he says, the filing of the form entitled “Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk,” although not signed by an appellant or an appellant’s attorney, is sufficient to perfect an appeal and, therefore, the dismissal of the appeal from his first petition was improper and he is entitled to an out-of-time appeal. We agree.
Taking judicial notice of our own records,[1] it appears that this Court dismissed Reeves’s appeal on the ground that the form he used as his written notice of appeal — the form entitled “Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk” — did not contain the signature of Reeves or of his attorney and, thus, was not sufficient to perfect his appeal. However, this Court has since recognized that the form used by Reeves is, although inappropriate, technically sufficient to perfect an appeal. In McLin v. State, 840 So.2d 937 (Ala.Crim.App.2002), this Court stated:
“There is no express requirement in the Alabama Rules of Appellate Procedure that a notice of appeal filed in a *1169 criminal case be signed by the appealing party or by his or her counsel. Certainly Rules 3(a)(2) and 3(c) contain no such requirement. Both the rules and the caselaw interpreting the rules indicate that the only jurisdictional prerequisite to an appeal to this Court is the timely filing of the notice of appeal, and both state and federal caselaw suggest that appellate rules should be liberally construed so as not to ‘catch the unwary on technicalities.’ Edmondson [v. Blakey], 341 So.2d [481,] 483 [(Ala.1976)]. Based on the plain language of Rule 3(c) and the caselaw cited above, we hold that a notice of appeal does not have to be signed by an appellant or by his or her attorney. Jurisdiction vests with this Court when a notice of appeal that substantially complies with the requirements of Rule 3(c), Ala.R.App.P., is timely filed.
“In this case, McLin used the form entitled ‘Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk’ as his written notice of appeal. McLin’s use of this form was improper. This particular form was specifically designed for use by circuit court clerks to transmit notice to this Court that someone has filed an appeal; by signing the signature line provided on the form, the clerk of the circuit court certifies to this Court that all the information contained in the form is accurate. This certification is required because it is from the information contained on the form that this Court dockets every appeal. Use of this court form or any other court form in a manner or for a purpose other than that for which it was designed is inappropriate and cannot help but lead to confusion, as has happened in this case. Because the form used in this case was not designed for use by appellants or their attorneys, and to better ensure the accuracy of the information upon which all appeals are docketed, this Court strongly discourages the local practice by some circuit court clerks of requesting and/or allowing appellants or their attorneys to complete this form whenever an appeal is taken to this Court. We likewise strongly encourage appellants and their attorneys to use Sample Form 11 in the Appendix to the Alabama Rules of Appellate Procedure, or something similar thereto, when filing their written notices of appeal. Although neither approved nor adopted by the Alabama Supreme Court, that sample form is an appropriate form for filing notices of appeal; it satisfies the requirements of Rule 3(c), and it includes an area for the signature of the appellant’s attorney. Moreover, use of this sample form will not result in confusion or complications in perfecting appeals that may result from the use of an inappropriate form.
“Although we find that McLin’s use of the form entitled ‘Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk’ as his written notice of appeal was improper, we nevertheless conclude that it was sufficient to perfect his appeal. The form designated the party taking the appeal, the judgment appealed from, and the name of the court to which the appeal was being taken; we can reasonably infer McLin’s intent to appeal from the text of the document; and the document was timely filed. Therefore, we find that this form was sufficient to perfect McLin’s appeal.”
840 So.2d at 941^12 (footnotes omitted).
Based on our holding in McLin, we should not have dismissed Reeves’s appeal *1170 from the denial of his first Rule 32 petition; therefore, Reeves is now entitled to an out-of-time appeal.
Accordingly, the judgment of the circuit court summarily denying Reeves’s second Rule 32 petition is reversed and this case is remanded for that court to grant Reeves an out-of-time appeal from the denial of his first Rule 32 petition.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.

. See, e.g., Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998) (recognizing that this Court may take judicial notice of its own records).