LYONS, Justice
(concurring specially).
I concur in denying the petition for a writ of certiorari. I write specially to explain why I believe granting the petition *876 could be inappropriate under the circumstances of this case.
George Dodson was convicted in the Jefferson Circuit Court of two counts of negotiating a worthless instrument. The trial court sentenced him to one year’s imprisonment on each count. Those sentences were suspended, and he was ordered to serve two years’ probation. Dodson was also ordered to pay various fines, costs, and restitution. After the trial court denied his motion for a new trial, Dodson appealed his conviction to the Court of Criminal Appeals.
The State moved to dismiss Dodson’s appeal on the ground that the notice of appeal was insufficient. The Court of Criminal Appeals denied the State’s motion on the authority of McLin v. State, 840 So.2d 937 (Ala.Crim.App.2002). The State petitioned this Court for a writ of certiorari; we denied the petition as prematurely filed. Dodson v. State (No. 1011984, August 19, 2002). The Court of Criminal Appeals affirmed Dodson’s conviction, without an opinion. Dodson v. State (No. CR-00-2384-, November 15, 2002), 837 So.2d 902 (Ala.Crim.App.2002) (table). The State then filed a second petition for a writ of certiorari.
According to the State’s second petition, the initial document in this record evidencing the taking of an appeal is a “Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk.” The State maintains that this document is not a notice of appeal, but is a document generated by the clerk of the trial court when the clerk gives notice to the Court of Criminal Appeals that an appeal has been taken. Furthermore, according to the State, this form is not signed by Dodson, nor is there any indication that Dodson, instead of the clerk or some other party, actually filed this form.
The essence of the State’s argument is that the Court of Criminal Appeals did not have jurisdiction to decide Dodson’s appeal. On further reflection, it appears that the Court of Criminal Appeals’ denial of the State’s motion to dismiss was a decision on the issue of that court’s jurisdiction; therefore, our previous determination that the State’s initial petition for a writ of certiorari was premature is questionable. Nevertheless, under the present posture of the case, Dodson, who lost his appeal in the Court of Criminal Appeals and did not file a petition for a writ of certiorari asking us to review the merits of the Court of Criminal Appeals’ decision, would not be a meaningful adversary in the present petition because he would have no interest in upholding the jurisdiction of the Court of Criminal Appeals to enter a decision adverse to him. Because the State prevailed on the merits of Dodson’s appeal, I agree that this Court should deny the State’s second petition for the writ of certiorari. However, in the event the factual scenario presented by this case arises again and we are presented with a certio-rari petition by the State asking us to review an interlocutory order denying a motion to dismiss on the ground that the insufficiency of a defendant’s notice of appeal deprives the Court of Criminal Appeals of jurisdiction to hear that appeal, I would vote to grant the petition to consider the jurisdictional question on its merits at that time.