PER CURIAM.
The appellant, Phillip Bumpus, appeals the revocation of his probation. Bumpus was convicted of selling marijuana and was sentenced to 12 years’ imprisonment. His sentence was suspended and Bumpus was ordered to serve 18 months in prison and five years on probation. Bumpus admitted violating the terms of his probation after he had tested positive for marijuana. Bumpus gave oral notice of appeal at his probation-revocation hearing. The State has filed a motion to dismiss this appeal, arguing that the clerk’s record contains no written notice of appeal.
We allowed Bumpus the opportunity to respond to the State’s motion to dismiss this case. Bumpus answered by arguing that his attorney’s performance at his probation-revocation hearing was ineffective because he failed to file a written notice of appeal.[1] He admits that no written notice of appeal was filed in the case but, he argues, we should not penalize him because of his attorney’s ineffectiveness.
The record reflects that Bumpus gave oral notice of appeal at the time his probation was revoked. The record does include a form entitled, “Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk” that was filed in this Court by the circuit clerk within 42 days from the date of the probation-revocation proceeding. This form was signed by the circuit clerk. However, there is no assertion that Bumpus or his attorney completed this form.
In Gray v. State, 808 So.2d 1234 (Ala.Crim.App.2001), this Court held that oral notice of appeal made at the time probation is revoked was not effective. We stated that an oral notice of appeal is effective only if it is made at the time of sentencing and that a probation-revocation proceeding is not the equivalent of a sentencing hearing. This Court overruled Gray in part in its subsequent decision in McLin v. State, 840 So.2d 937 (Ala.Crim. *477 App.2002). The McLin court stated, “[T]o the extent that Gray holds that the form entitled ‘Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk’ can never be sufficient to perfect an appeal, it is hereby overruled.” 840 So.2d at 942.
The situation presented in this case is unlike both McLin and Reeves v. State, [Ms. CR-01-1102, November 22, 2002] — So.2d- (Ala.Crim.App.2002). In both those cases it was clear from the record that the defendants or their attorneys completed the forms entitled “Notice óf Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk.” Here, it is uncontested that there was no form filed or completed by Bumpus. Neither does Bumpus assert in his response that he completed the form entitled “Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk.” Indeed, the contrary appears to be true; the form is signed by the circuit clerk, and'this signature matches the other entries on the form.
Because there was no written notice of appeal filed in this case, the State’s motion to dismiss this appeal is due to be, and is hereby, granted.
APPEAL DISMISSED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

. The record reflects that Bumpus is not indigent and that he represents himself in this appeal.