George Soule III appeals from the Court of Criminal Appeals' dismissal of his appeal. We reverse and remand.
Soule was convicted of murder and was sentenced to 25 years' imprisonment. Soule filed a Rule 32, Ala.R.Crim.P., postconviction petition in the trial court claiming ineffective assistance of trial counsel. The trial court denied Soule's petition.
Soule appealed to the Court of Criminal Appeals. On the authority of Bumpus v. State, 868 So.2d 476 (Ala.Crim.App. 2003), the Court of Criminal Appeals dismissed Soule's appeal, without an opinion, Soule v. State (No. CR-02-1394, August 8, 2003), ___ So.2d ___ (Ala.Crim.App. 2003) (table). Soule filed an application for rehearing with the Court of Criminal Appeals. With his rehearing application, Soule filed certified copies of several documents from the record relating to his attempt to appeal, including (1) a signed cover letter to the clerk of the Lauderdale Circuit Court, (2) a completed form entitled "Court of Criminal Appeals Docketing Statement," (3) a completed form, save for the signature of the clerk, entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk," (4) a completed form entitled "Form 1C. Reporter's Transcript Order-Criminal." Soule's cover letter to the circuit clerk of the Lauderdale Circuit Court stated that he did not know and could not locate the identity of the court reporter. Soule concluded the cover letter by stating, "Please file this Notice of Appeal of Rule 32 to the Alabama Court of Criminal Appeals and send me a copy of the case action summary sheet that would validate the filing." The cover letter was the only document submitted to the Court of Criminal Appeals that bore Soule's signature. The Court of Criminal Appeals denied Soule's application for rehearing. Soule petitioned this Court for a writ of certiorari; we granted the petition.
Soule argues that Bumpus is inapplicable in his case. InBumpus, the Court of Criminal Appeals dismissed a defendant's appeal because "he failed to file a written notice of appeal."868 So.2d at 476. The defendant in Bumpus had given only oral notice of appeal when his probation was revoked,[1] and the circuit court clerk filed a form entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk." The State contends that Soule, like the defendant in Bumpus, cannot rely on the "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" to invoke the jurisdiction of that court. The State argues that the form serves only as an announcement from the trial court to the appellate court *Page 881 
that the defendant seeks to appeal a judgment, and that it does not meet the written-notice requirement of Rule 3(a), Ala.R.App.P.
Rule 3 provides:
"(a) Filing the Notice of Appeal.
". . . .
 "(2) In criminal cases, an appeal permitted by law as a matter of right to an appellate court shall be taken by filing a written notice of appeal with the clerk of the trial court within the time allowed by Rule 4, or by the defendant's giving an oral notice of appeal at the time of sentencing, which oral notice shall be noted of record; provided, that a pre-trial appeal by the state shall be taken by filing a written notice of appeal in the manner, and within the time, specified by the rule of criminal procedure providing for such appeals. On the date the notice of appeal is filed, the clerk of the trial court shall serve copies of the notice of appeal on the persons specified by (d)(2) of this rule."
(Emphasis added.) The State's argument would stand on firmer footing if Soule had filed only the notice-of-appeal form from the circuit court and someone other than Soule had completed that form. However, the record indicates that Soule filed a cover letter, which was in his handwriting and signed and dated by Soule, along with the notice-of-appeal form from the circuit court. The cover letter was addressed to the clerk of the Lauderdale Circuit Court. Soule stated in the cover letter that he was filing a brief with the Court of Criminal Appeals, and he requested that his "notice of appeal" be filed with the Court of Criminal Appeals. In addition to the cover letter, Soule submitted the notice-of-appeal form from the trial court clerk to the Court of Criminal Appeals, which although not signed by him, was also completed in his own handwriting. Under these facts,Bumpus is not controlling in Soule's case.
This Court has stated that "even where the notice of appeal fails to comply with Rule 3(c)," Ala.R.App.P., appeal can still lie if "the intention to appeal from a specific judgment may be reasonably inferred from the text of the notice." Edmondson v.Blakey, 341 So.2d 481, 483 (Ala. 1976). The documents Soule filed are sufficient to invoke appellate jurisdiction under Rule 3. The Court of Criminal Appeals could reasonably infer from Soule's request to the clerk in the cover letter to "please file this notice of appeal of Rule 32 to the Alabama Court of Criminal Appeals" Soule's intent to appeal. That court could also ascertain from the information Soule included on the notice-of-appeal form and the cover letter the judgment Soule was appealing, the date of the judgment, the date of the filing, and the date of Soule's conviction.
The State concedes that Rule 3 does not specify a particular form for the written notice of appeal. In Edmondson, this Court stated:
 "The spirit of the [Ala.R.App.P.] is recognized and restated to insure the just, speedy and inexpensive determination of every appellate proceeding on its merits. . . . Nothing in the rules is designed to catch the unwary on technicalities. Jones v. Chaney James Const. Co., [399 F.2d 84 (5th Cir. 1968)]. A simple statement indicating what judgments the appellant appeals from is all that is required."
341 So.2d at 484. See also McLin v. State, 840 So.2d 937
(Ala.Crim.App. 2002) (holding that a defendant's assertion that he completed and filed the form entitled "Notice of Appeal to the Alabama Court of Criminal Appeals by the Trial Court Clerk" was sufficient to perfect an appeal). The State's arguments contesting the validity of Soule's appeal address technicalities. In the interest of ensuring Soule, a pro se petitioner, a forum in the appellate courts, this Court is not compelled to affirm *Page 882 
the dismissal of Soule's appeal based upon such technicalities.
In summary, Bumpus is distinguishable from this case. It was undisputed that Bumpus had not filed any form completed by him; the only form filed advising of Bumpus's intent to appeal was the form filed by the trial court clerk. Because Soule, by his own hand, substantially complied with Rule 3, his appeal should not have been dismissed by the Court of Criminal Appeals. Its judgment dismissing Soule's appeal is reversed and this case is remanded to the Court of Criminal Appeals for proceedings consistent with this opinion.
REVERSED AND REMANDED.*
HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] An oral notice of appeal is effective only if it is made at the time of sentencing. See Rule 3(a)(2), Ala.R.App.P. The Court of Criminal Appeals has held that a probation-revocation hearing is not the equivalent of a sentencing hearing. Gray v. State,808 So.2d 1234 (Ala.Crim.App. 2001).
* Note from the reporter of decisions: On May 21, 2004, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion.